Linda KOWALSKI, N.K.A. Linda Larochelle, et al., Plaintiffs, Appellants,

v.

DOHERTY, WALLACE, PILLSBURY AND MURPHY, ATTORNEYS AT LAW, Defendant, Appellee.

No. 85–1766.

United States Court of Appeals, First Circuit.

Argued Jan. 9, 1986.

Decided March 26, 1986.

unless there is a basis for doing so that is not frivolous...."

---

* Of the Third Circuit, sitting by designation.

** "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein,

Charles E. Dibble, Contoocook, N.H., for plaintiffs, appellants.

John V. Dwyer, Jr., with whom Hamblett & Kerrigan Professional Association, Nashua, N.H., was on brief, for defendant, appellee.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from a dismissal for lack of personal jurisdiction over defendant, a professional law firm corporation. New Hampshire residents Linda Kowalski, n/k/a Linda Larochelle (Larochelle), and her two children, brought this malpractice diversity suit in the United States District Court for the District of New Hampshire against the Massachusetts law firm of Doherty, Wallace, Pillsbury and Murphy in April 1985. Plaintiffs-appellants sought damages for the alleged wrongful dismissal of a wrongful death action against the

man who, in October 1970, murdered Robert J. Kowalski, then Larochelle's husband. By order dated July 17, 1985, the district court granted defendant-appellee's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Final judgment was entered on July 23, 1985, and Larochelle appealed. We affirm the judgment below on the ground that plaintiffs failed to establish *in personam* jurisdiction over defendant under the New Hampshire long-arm statute pertinent to foreign corporations, N.H.Rev.Stat.Ann. § 293–A:121 (formerly N.H.Rev.Stat.Ann. § 300:14).[1]

When the court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 10 (1st Cir.1986); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir.1980). Where there has been no evidentiary hearing and the court proceeds upon written submissions, plaintiff "need only make a prima facie showing that jurisdiction exists...." 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.07[2.–2] (2d ed. 1985); 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.41–1[3] (2d ed. 1985). If jurisdiction is decided after an evidentiary hearing, there would be consideration of facts in evidence rather than on written submission. 2A Moore's Federal Practice at ¶ 12.07[2.–2]. Here, there was no hearing. Plaintiffs' Statement of Evidence or Proceeding, relying on Federal Rule of Appellate Procedure 10(c) to supplement the record on appeal, is not properly before us. The rule only applies "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable...." We consider only those written submissions of the parties before the district court when it rendered its decision.

---

1. Due process requires that, as a prerequisite to the maintenance of an action, a court obtain jurisdiction over a defendant. *Kulko v. Superior Court of California*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). Plaintiffs filed the complaint on April 5, 1985. At that time, defendant was a professional corporation and had been since 1981. In determining the question of personal jurisdiction, we look at the entity which is the defendant as of the date the complaint is filed.

Plaintiffs' written allegations of jurisdictional facts are construed in their favor. *Murphy v. Erwin-Wassey, Inc.*, 460 F.2d 661, 663 (1st Cir.1972); 2A Moore's Federal Practice at ¶ 12.07[2.–2]. A showing of personal jurisdiction, however, must be based on specific facts set forth in the record in order to defeat a motion to dismiss. *Chlebda v. H.E. Fortna and Brother, Inc.*, 609 F.2d 1022, 1024 (1st Cir.1979); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929–30 (6th Cir.1974). The facts derived from the pleadings and affidavits are as follows.

In November 1970, Larochelle retained the defendant law firm to represent her in various matters following the death on October 29, 1970, of her husband, Robert J. Kowalski. When she retained the firm, Larochelle was a resident of Chicopee, Massachusetts.

Richard J. Gagne, also a Massachusetts resident, was subsequently convicted of the second degree murder of Kowalski and was sentenced to life imprisonment. He remained incarcerated until paroled in 1984.

The law firm handled various matters for Larochelle, including the probate of Kowalski's estate, representing her interests in connection with the criminal investigation into her husband's death, and negotiating with the Internal Revenue Service and numerous creditors. All representation of Larochelle took place in Massachusetts. In September 1972, the firm filed suit in Hampden County Superior Court in Massachusetts on behalf of Larochelle and her two children against Gagne for the wrongful death of her husband.

At the time of filing the wrongful death action, Larochelle was a resident of Washington, New Hampshire. She has been a resident of New Hampshire continuously since June 1971. Construing the pleadings and affidavits most favorably to the plaintiff, we find that the defendant was aware of Larochelle's residency in New Hampshire at the time of bringing the lawsuit against Gagne.

On July 11, 1979, the Hampden County Superior Court dismissed the wrongful death action after carrying it on the "nontriable" list for several years. The gravamen of plaintiffs' claim is that they did not consent or agree to the dismissal of the wrongful death suit. The complaint further alleges that the defendant took no steps to set aside the dismissal subsequent to that date and that, at the time of the dismissal, the statutory period had passed for refiling a complaint against Gagne. The basis of the malpractice action is negligently allowing the complaint to be dismissed.

The defendant law firm is, and has been at all times since 1970, located in Springfield, Massachusetts. It incorporated in 1981 and has been a professional corporation since that time. The firm maintains no agent in New Hampshire. No member of the firm is a member of the New Hampshire Bar. The firm solicits no business in New Hampshire nor does it practice in the state's courts. The firm owns no property in New Hampshire.

The issue, then, is whether the defendant's knowledge of the fact that Larochelle was a resident of New Hampshire, while it undertook to represent her in Massachusetts on a Massachusetts cause of action, subjects it to the personal jurisdiction of the New Hampshire courts.

"In diversity actions where personal jurisdiction has been challenged ... federal courts look to state law to determine whether jurisdictional requirements have been met." *Gray v. O'Brien*, 777 F.2d 864, 866 (1st Cir.1985) (per curiam); *Hahn v. Vermont Law School*, 698 F.2d 48, 49–50 (1st Cir.1983). Below and on appeal, the issue almost exclusively addressed by the plaintiffs is the federal question of due process "minimum contacts" with a foreign forum which a defendant must have to subject him to that court's jurisdiction. In doing so, plaintiffs rely on language in *Leeper v. Leeper*, 114 N.H. 294, 296, 319 A.2d 626 (1974), which states "[personal] jurisdiction over nonresidents will be exercised to the full constitutional limit." In *Leeper*, however, the New Hampshire Supreme Court qualifies this interpretation of

jurisdiction under N.H.Rev.Stat.Ann. § 510:4, I (§ 510:4, I), pertaining to the exercise of jurisdiction over nonresident individual defendants, by applying a two-prong test to determine first, whether the exercise of jurisdiction is reasonable from the standpoint of New Hampshire's interest in the litigation, and second, whether jurisdiction is consistent with due process concerns. *Id.* The court also stated: "This two-pronged test may properly be applied to individuals as well as foreign corporations." *Id.*

Directly applicable here, where plaintiffs are attempting to establish jurisdiction over a foreign corporation, is New Hampshire's long-arm statute pertinent to foreign corporations, N.H.Rev.Stat.Ann. § 293–A:121 (formerly N.H.Rev.Stat.Ann. § 300:14) (§ 293–A:121). Here, also, the New Hampshire Supreme Court tempers the due process analysis by requiring, as a prerequisite, that state long-arm statute criteria are met.

> In determining whether the defendant corporation is amenable to suit in New Hampshire, our first inquiry is whether the requirements of RSA 300:14 regarding in personam jurisdiction have been met. Only when that is so must we consider whether the defendant had contacts with this state sufficient to satisfy due process.

*Cove-Craft Industries, Inc. v. B.L. Armstrong Co.,* 120 N.H. 195, 198, 412 A.2d 1028 (1980) (citations omitted). Therefore, if personal jurisdiction cannot be asserted over a foreign corporation under § 293–A:121, our inquiry need go no further. *See Gray v. O'Brien,* 777 F.2d at 866–67; *American Freedom Train Foundation v. Spurney,* 747 F.2d 1069, 1075 (1st Cir. 1984).

> In pertinent part, § 293–A:121 provides:
>
> If a foreign corporation makes a contract to be performed in whole or in part by either party in New Hampshire, or if a foreign corporation commits a tort in whole or in part in New Hampshire, the acts shall be deemed to be doing business in New Hampshire by the foreign corpo-ration and shall be deemed equivalent to the appointment ... of the secretary of state of New Hampshire ... to be its ... attorney upon whom may be served all lawful process in any actions ... arising from or growing out of the contract or tort....

Thus, the first inquiry is whether the law firm made a contract to be performed in whole or in part in New Hampshire or whether the law firm committed a tort in whole or in part in New Hampshire.

Plaintiffs' complaint is limited to a claim in negligence and a claim of "intentional, reckless, wanton, willful or gross misconduct" which would entitle plaintiffs to punitive or enhanced damages. There is no suggestion that there has been a breach of contract. Nor have plaintiffs claimed partial performance of any contract in New Hampshire. It seems obvious that if there were a contract, it would be performed wholly in Massachusetts. Therefore, we confine our analysis to the tort claim.

The thrust of plaintiffs' argument is that jurisdiction can be established on the basis of "effects" of a tort committed in Massachusetts, but felt in New Hampshire. In so contending, plaintiffs embark on a constitutional analysis of when jurisdiction is proper under the due process clause when only the injury has occurred within the forum state. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297–98, 100 S.Ct. 559, 567–68, 62 L.Ed.2d 490 (1980). Plaintiffs, however, fail to first make a showing that an injury was committed in whole or in part in New Hampshire as required under § 293–A:121.

In their memo in support of their objection to the motion to dismiss, plaintiffs refer to § 510:4, I, which states that jurisdiction may be asserted over an individual who "commits a tortious act within this state." Although the language under this statute is not the same as the language in § 293–A:121, the New Hampshire Supreme Court broadened the scope of committing a tortious act within New Hampshire under § 510:4, I to encompass situations where only the alleged injury occurred within the

state, thus bringing it more in line with the "committing a tort in whole or in part" language of § 293–A:121. In *Tavoularis v. Womer*, 123 N.H. 423, 426, 462 A.2d 110 (1983), relied upon by plaintiffs to support their "effects" argument, the court held that "the fact that only the alleged injury occurred within the state does not preclude New Hampshire courts from subjecting a non-resident to their jurisdiction under the long-arm statute [510:4,I]." In that action for negligent entrustment, the defendant specifically authorized another individual to drive his automobile in New Hampshire knowing that the individual had no driver's license. An accident occurred in New Hampshire in which the plaintiff was physically injured. The fact that the injury occurred in New Hampshire was defendant's only contact with the state. In expanding the long-arm statute's language, "commits a tortious act within this state," to include situations where only the alleged physical injury occurred within New Hampshire the court followed *Vandermee v. District Court*, 164 Colo. 117, 433 P.2d 335 (1967), and *Gray v. American Radiator & Sanitory Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961), involving similar long-arm statutes in Colorado and Illinois. *Tavoularis*, 123 N.H. at 425, 462 A.2d 110. It is important to note that both *Vandermee* and *Gray* involved physical injuries allegedly caused by defective products.

We find the present situation distinguishable from that in *Tavoularis* and hold that plaintiffs have failed to meet their burden of showing that a tort was committed in whole or in part in New Hampshire as required by § 293–A:121. Plaintiffs allege that the law firm knew of Larochelle's residence in New Hampshire and argue that the "effects" of its negligence were felt in New Hampshire. This, they say, amounts to a situation where an injury is caused in New Hampshire by activity or conduct directed at that forum. We do not think New Hampshire law justifies such a quantum leap.

In *Tavoularis*, as in *Vandermee* and *Gray*, there was a physical injury within the state directly caused by an event that also occurred with the state. In *Tavoularis*, the injury was the result of an automobile accident in New Hampshire. In *Vandermee*, the injury resulted from a defective crane being used in Colorado, where plaintiff resided, and, in *Gray*, the injury resulted from the explosion of a water heater in Illinois, plaintiff's home state. The alleged injury here is the loss of the right to recover on a Massachusetts cause of action. The injury occurred when the suit was dismissed by the Massachusetts court. The consequence of the dismissal is that plaintiffs are barred from bringing a wrongful death action in the Massachusetts courts. The injury, if any, occurred in Massachusetts. There has been no showing of injury in New Hampshire; the claim of jurisdiction fails under § 293–A:121.

In determining whether personal jurisdiction should be exercised under New Hampshire's long-arm statute, we must also determine whether jurisdiction is reasonable from the standpoint of New Hampshire's interest in the litigation. *Leeper*, 114 N.H. at 296, 319 A.2d 626. Here, the consequences of the defendant law firm's alleged breach of duty was the foreclosure of the plaintiffs' right to bring a Massachusetts cause of action. Defendant's only connection with New Hampshire was that it represented a New Hampshire resident in connection with a matter solely within the jurisdiction of the Massachusetts courts. It is difficult to see what state interest New Hampshire has. This is not an example of exercising personal jurisdiction when a resident has been injured within a state by conduct directed at that state. Here, there has been the dissolution of a relationship created and maintained in Massachusetts. Underlying plaintiffs' claim is the practice of law in Massachusetts. This cannot be the basis for a "reasonable interest" by New Hampshire in the litigation.

*Affirmed.*