**TERRY L. HOPKINS, INC., Plaintiff,**

v.

**ACTIVATION, INC., Defendant.**

### Civ. No. 86–0023–P.

United States District Court,
D. Maine.

Oct. 31, 1986.

---

Ben Thompson, Marshall J. Tinkle, Portland, Me., for plaintiff.

William W. McCandless, Jr., Portland, Me., for defendant.

## MEMORANDUM AND ORDER DENYING DEFENDANT ACTIVATION, INC.'S MOTION TO DISMISS

GENE CARTER, District Judge.

This action is before the Court on motion of the Defendant, Activation, Inc., to dismiss the complaint against it for lack of *in personam* jurisdiction, and, alternatively, on the ground of *forum non conveniens.* The Defendant, a distributor of fluid power components including hydraulic pumps, winches, reels and motors, is an Alabama corporation with its principal place of business in Theodore, Alabama. In May of 1984 Defendant contracted to sell hydraulic components to Eastern Marine, Inc., a shipyard located in Florida, for $24,079.04. The equipment was delivered to Eastern by September of 1984 and was accompanied by a one-line piping diagram, or schematic, and a brochure containing technical information about the components. Defendant maintained contact with Eastern while the equipment was being installed on a vessel Eastern was building for Plaintiff, and gave advice about installation by telephone and during personal visits to Eastern's boat yard in Florida.

Plaintiff, Terry L. Hopkins, Inc., is a Maine corporation with its principal place of business in Yarmouth, Maine, where it is engaged in the fishing business. On or about January 31, 1984, Plaintiff entered into a vessel construction contract with Eastern Marine, Inc. The vessel, the F/V CAITLIN, was delivered to Plaintiff with the components supplied by Defendant having been built into its hydraulic system in the course of construction in Florida. Plaintiff alleges that the hydraulic system began malfunctioning almost immediately after the vessel was delivered and that the malfunctioning was the direct result of Defendant's faulty design. Plaintiff further alleges that it incurred various expenditures and loss of profits as a direct result of the malfunctioning of the hydraulic system.

Defendant denies that it was aware of either the vessel's destination or that it was being designed for a Maine purchaser. However, in affidavits submitted by the Plaintiff, officials at Eastern Marine state that over the years Activation has typically wanted to know the destination or hailing port of vessels for which it was supplying components and schematics and that, in this case, the hailing port of the vessel, Portland, Maine, was prominently displayed on the vessel when Activation inspected it. In addition, Plaintiff alleges that it had a telephone conversation with the Defendant in the spring of 1984, during which it informed Activation that the vessel

would be operating in the Gulf of Maine and needed to be specially designed to tow heavy gear on those waters. In its affidavits, Defendant claims no "specific recollection" of this communication.

When the Court's *in personam* jurisdiction is challenged, the burden rests on the plaintiff to establish that jurisdiction is proper. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy,* 787 F.2d 7, 8 (1st Cir.1986). A showing of personal jurisdiction must be based on specific facts set forth in the record, and the record is to be construed in favor of the plaintiff. *Id.* at 8–9. *See also Marino v. Hyatt Corp.,* 793 F.2d 427 (1st Cir.1986). This Court concludes that the Plaintiff has alleged sufficient facts to establish for the purpose of this motion that the Defendant knew or should have known that the hydraulic components that he was selling and the expertise that he was providing were being used to build a vessel that was being purchased for use in Maine.

The limits of personal jurisdiction under Maine law [1] are coextensive with federal due process requirements. 14 M.R.S.A. § 704–A(1); *Architectural Woodcraft Co. v. Read,* 464 A.2d 210, 212 (Me.1983). As this Court has previously noted, the United States Supreme Court has prescribed a three-step analysis for determining whether jurisdiction may be asserted consistent with due process:

First, the defendant must have some contact with the forum state; if it does not, due process prohibits the exercise of *in personam* jurisdiction. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed. 490 (1980). If the defendant has forum contacts, the court must proceed to the second step in its analysis: whether the suit arises out of or is related to defendant's forum contacts? The answer to this question determines the test to be applied in the third step of the analysis. If the suit arises out of or relates to the

defendant's forum contacts, the critical question becomes whether the relationship among the defendant, the forum and the litigation forms a fair and reasonable foundation for the exercise of jurisdiction over the defendant. But if the cause of action does not arise out of and is not related to the defendant's forum contacts, the court considers only the relationship between the forum state and the foreign defendant.

*Jones v. North American Aerodynamics, Inc.,* 594 F.Supp. 657, 659 (D.Me.1984) (per Cyr, C.J.).

This Court must decide whether Activation's activity in connection with the building of the F/V CAITLIN constituted a contact with the forum of Maine, and, if so, whether the relationship among the Defendant, the forum, and the litigation forms a fair and reasonable foundation for the exercise of jurisdiction. The Supreme Court has stated that a defendant who " 'purposefully avails [himself] of the privilege of conducting activities within the forum state,' " is deemed to have clear notice that he can be sued in that state. *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567, *quoting Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958). The Court said that

[I]f the sale of a product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of the States if its allegedly defective merchandise has there been the source of injury to its owner or to others.

*Id.* 444 U.S. at 297, 100 S.Ct. at 567. Activation delivered its components to Eastern and gave Eastern technical assistance in installing them with the expectation that the final product would be purchased by a Maine corporation. The presence of Activation's products in Maine was not an iso-

---

1. A district court will have personal jurisdiction in a case such as this only if such jurisdiction is authorized by state statute and conforms with federal due process requirements. *Kenerson v. Stevenson,* 604 F.Supp. 792–93 (D.Me.1985).

lated occurrence but arose from its efforts to serve the broad market reached by shipbuilders such as Eastern.

After *World-Wide Volkswagen,* a number of courts have sustained jurisdiction upon finding that the defendant knew, or should have known, that its goods would be entering the forum jurisdiction. This circuit has based jurisdiction on an insurer's knowledge that its insured vessels frequented the waters of the forum state and the fact that it encouraged such commerce. *Puerto Rico v. Colocotroni,* 628 F.2d 652, 669–70 (1st Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981). The Ninth Circuit affirmed a district court's assertion of jurisdiction over a foreign shipper because the bill of lading conclusively showed that the third party knew that its product was destined for that state. *Plant Food Co-op v. Wolfkill Feed & Fertilizer,* 633 F.2d 155 (9th Cir.1980).

> The facts that distinguish *World-Wide Volkswagen* from the case before us are Pillsbury's [the third-party defendant] ability to control its contacts with the forum asserting jurisdiction and the benefits it derived from that contact. The bill of lading shows conclusively that Pillsbury knew, at least when it accepted the shipping instructions, that the product it sold was destined for Montana [the forum state] ...

>   .    .    .    .    .

> Pillsbury engaged in affirmative conduct to deliver its product into Montana. It was not brought into the forum by the unilateral act of another party. This contact with Montana was voluntary and financially beneficial to Pillsbury. When it knew the fertilizer was bound for Montana Pillsbury could have objected or made other arrangements if it found exposure to Montana's long-arm jurisdiction unacceptable.

*Id.* at 159.

In *Asahi Metal Industry Co. v. Superior Court,* 39 Cal.3d 35, 702 P.2d 543, 216 Cal.Rptr. 385 (1985), the California Supreme Court held that a foreign manufacturer of component parts who sells them knowing that they will be placed into products sold in the forum state purposefully avails itself of the forum's market and the benefits and protections of the forum's laws. *Id.* 702 P.2d at 549–50, 216 Cal.Rptr. at 392.

> Although Asahi [the third-party defendant] did not design or control the system of distribution that carried its valve assemblies into California [the forum state], Asahi was aware of the distribution system's operation, and it knew that it would benefit economically from the sale in California of products incorporating its components ...

>   .    .    .    .    .

> *World-Wide Volkswagen* did not require that the defendant endeavor to market its products in the forum state. It required only that the defendant 'delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.'

*Id.* 702 P.2d at 551, 216 Cal.Rptr. at 392–93.

In *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961), one of the earliest cases on this issue, the Illinois Supreme Court upheld jurisdiction over a nonresident manufacturer whose component was incorporated into a hot water heater sold in the forum state. The Court stated:

> Where the alleged liability arises, as in this case, from the manufacture of products presumably sold in contemplation of use here, it should not matter that the purchase was made from an independent middleman or that someone other than the defendant shipped the product into the State ... As a general proposition, if a corporation elects to sell its products for ultimate use in another State, it is not unjust to hold it answerable there for any damage caused by defects in those products.

*Id.* 176 N.E.2d at 766.

■ This Court finds that Defendant's act of selling goods with the knowledge

that their ultimate purchaser would be a Maine corporation constitutes contact with Maine. It finds that this suit arose out of the Defendant's conscious effort to benefit from the Maine market it was indirectly serving, and that under *World-Wide Volkswagen* and its progeny discussed above, it is fair and reasonable for this Court to exercise *in personam* jurisdiction.

Defendant has also moved to dismiss on the ground of *forum non conveniens,* citing the presence of witnesses and records in its home state of Alabama and in Florida. Defendant, however, has a heavy burden to overcome. The Supreme Court has said:

> Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.

*Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067 (1947).

■ Plaintiff has shown good reason to honor his choice of forum. Many of Plaintiff's witnesses on the issues of causation and damages are Maine or Massachusetts residents. In a case such as this, where the equities on each side are roughly the same, and either the Defendant or the Plaintiff will have to be inconvenienced to some extent, Plaintiff's choice of forum must prevail.

Accordingly, Defendant's request for a hearing on its motion is DENIED and Defendant's Motion to Dismiss is DENIED.

So ORDERED.