Zeytoundjian v. Connolly                    CV-93-094-B    02/02/94
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Roupen Zeytoundjian and
Mary Zeytoundjian

        v.                                      Civil No. 93-094-B

Thomas E. Connolly,
Connolly, Leavis & Rest, P.C.
(a/k/a Leavis & Rest, P.C.) and
Arthur J. Lewis, Jr.

                          **O R D E R**


        Before the court in this civil matter is the motion to

dismiss filed by defendants Thomas E. Connolly and Connolly,

Leavis & Rest, P.C. (a/k/a Leavis & Rest, P.C.).  Defendants move

to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), claiming that

the court lacks personal jurisdiction.  For the reasons stated

below, defendants' motion is denied.


                    I. **Factual Background**

        On January 19, 1984, Roupen Zeytoundjian was injured while

working on the construction of the Seabrook Nuclear Power Plant

in Seabrook, New Hampshire.  As a result of his injury,

Zeytoundjian made a claim for workers' compensation in New

Hampshire.  He and his wife also brought third party and loss of

consortium claims in Massachusetts against other contractors that worked on the project. Commercial Union Insurance Company provided workers' compensation insurance and liability insurance to both Zeytoundjian's employer and the contractors the Zeytoundjians sued in Massachusetts. Defendant Arthur Lewis was counsel of record in the workers' compensation proceeding, and defendant Thomas E. Connolly and his firm, Connolly, Leavis & Rest, P.C. were counsel of record in the Massachusetts action.

On or about December 1989, Connolly filed a petition in the Massachusetts action seeking court approval of a combined settlement of the workers' compensation and third party claims. Pursuant to this settlement, the Zeytoundjians were to receive a $400,000 lump sum payment and a release of Commercial Union's $164,000 workers' compensation lien.[1] At a hearing in Massachusetts concerning the settlement, Connolly represented that the settlement would preserve Mr. Zeytoundjian's right to obtain reimbursement for future medical bills from Commercial Union pursuant to New Hampshire's workers' compensation law. Relying on Connolly's representations, the Massachusetts court

_____

[1] Other documents suggest that Commercial Union also agreed to make certain monthly payments to Mr. Zeytoundjian as a part of a structured settlement of his workers' compensation claim.

2

approved the settlement.  The settlement was also approved at a later date by the New Hampshire Department of Labor.

The Zeytoundjians have sued Lewis, Connolly, and Connolly's former law firm, alleging that the defendants (1) negligently advised them that their settlement with Commercial Union would not substantially affect Mr. Zeytoundjian's right to recover future medical expenses in New Hampshire and (2) negligently settled his claims with Commercial Union in such a way as to limit his right to recover future medical expenses.  Connolly and his firm assert that this Court lacks personal jurisdiction over them because their work for the Zeytoundjians was confined to the Massachusetts action.  The Zeytoundjians respond by alleging that all three defendants jointly represented them in both the Massachusetts and the New Hampshire actions.  In support of these claims, they attach several documents demonstrating that Connolly wrote letters to the New Hampshire Labor Department asking for a hearing on a disputed matter, and for expeditious approval of the settlement of the on the Zeytoundjians' behalf.

## II. Discussion

When personal jurisdiction over a defendant is contested, the plaintiff has the burden of showing that such jurisdiction

3

exists. Ealing Corp. v. Harrod's, Ltd., 790 F.2d 978, 979 (1st Cir. 1986) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 47 (D.N.H. 1989) (and cases therein cited); Lex Computer & Management Corp. v. Eslinger & Pelton, P.C., 676 F. Supp. 399, 402 (D.N.H. 1987). Where, as here, there has been no evidentiary hearing and the court proceeds upon written submissions, plaintiff must make only a prima facie showing of personal jurisdiction. Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law, 787 F.2d 7, 8 (1st Cir. 1986). Further, while a plaintiff's written allegations of jurisdictional fact are construed in his or her favor, the showing of personal jurisdiction must be based on specific facts set forth in the record in order to defeat a defendant's motion to dismiss. Id. at 9. The court then "accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." United Elect., Radio and Mach. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993).

The court may assert personal jurisdiction over a nonresident defendant only if: (1) New Hampshire's long-arm statutes authorize such jurisdiction, and (2) the defendant has

4

the necessary "minimum contacts" with the state to ensure that the court's assertion of jurisdiction comports with the due process requirement of the United States Constitution. <u>Kowalski</u>, 787 F.2d at 9-10. I examine each of these requirements in turn.

## A. <u>New Hampshire's Long-Arm Statute</u>

### 1. <u>Thomas Connolly</u>

When considering the assertion of long-arm jurisdiction over a nonresident individual in New Hampshire, the applicable statutory authority is found in N.H. Rev. Stat. Ann. 510:4 I, which provides in pertinent part that

> [a]ny person who is not an inhabitant of this state and who, in person or through an agent, transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

This statute has been construed by the New Hampshire Supreme Court "to provide jurisdiction over foreign defendants to the full extent that the statutory language and due process will allow." <u>Phelps v. Kingston</u>, 130 N.H. 166, 171, 536 A.2d 740, 742 (1987). A person will be deemed to have committed a tortious act

in New Hampshire for purposes of N.H. Rev. Stat. Ann. 510:4 I if the tortious conduct of the out-of-state defendant causes an injury in New Hampshire under circumstances that the defendant knew or should have known that his conduct could injure a person here. Buckley v. Bourdon, 682 F.Supp. 95, 99 (D.N.H. 1988).

In the instant action, plaintiffs have established a prima facie case that Connolly failed to advise them concerning the effect of the combined Massachusetts and New Hampshire settlement on Mr. Zeytoundjian's right to recover future medical payments under New Hampshire's workers' compensation law. Moreover, plaintiffs have cited ample evidence to support their claims that Connolly was aware that his allegedly tortious actions could adversely affect plaintiffs' interests in New Hampshire. Accordingly, I determine that jurisdiction over Connolly is authorized under New Hampshire's long-arm statute.

2. Leavis & Rest, P.C.

Because defendant Leavis & Rest is a foreign corporation, the applicable long-arm statute is N.H. Rev. Stat. Ann. 293-A:121. Phelps, 130 N.H. at 171, 536 A.2d at 742; Kowalski, 787 F.2d at 10. N.H. Rev. Stat. Ann. 292-A:121 provides, in pertinent part:

If a foreign corporation makes a contract to be

6

performed in whole or in part by either party in New Hampshire, or if the foreign corporation commits a tort in whole or in part in New Hampshire, the acts shall be deemed to be doing business in New Hampshire by the foreign corporation . . . .

Plaintiffs have sufficiently alleged that Connolly was acting within the scope of his employment with Lewis & Rest at the time he allegedly injured the Zeytoundjians in New Hampshire. Accordingly, plaintiffs have also made a prima facie showing that the court has jurisdiction over Leavis & Rest under New Hampshire's long-arm statute. See United Elect., Radio and Mach. Workers v. 163 Pleasant St. Corp. 960 F.2d 1080, 1090 (1st Cir. 1992) ("the contacts of a corporation's agent can subject the corporation to personal jurisdiction") (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

### B.   Constitutional Analysis: Due Process

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits a state's power to assert personal jurisdiction over nonresident defendants. Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1877)). Defendants are not subject to the judgments of states with whom they have had no

7

meaningful "contacts, ties, or relations."  Burger King Corp. v.
Rudzewicz, 471 U.S. 462, 471-72 (1985).  In order for a court to
assert personal jurisdiction over a nonresident defendant, the
defendant must have had "certain minimum contacts with [the
forum] such that the maintenance of the suit does not offend
'traditional notions of fair play and substantial justice.'"  See
Helicopteros, 466 U.S. at 414, (quoting International Shoe Co.,
326 U.S. at 316).  In order to satisfy this requirement, the
defendant's conduct should bear such a "'substantial connection'
with the forum [s]tate" that the defendant "should reasonably
anticipate being haled into court there."  Burger King, 471 U.S.
at 473-75 (citing World-Wide Volkswagen Corp. v. Woodson, 444
U.S. 286, 297 (1980)).

A court may exercise either general or specific jurisdiction
over a defendant.  If a defendant's activities within the forum
state are "continuous and systematic" or "substantial," the
defendant has a sufficient relationship with the forum state to
support a finding of general jurisdiction.  Helicopteros
Nacionales de Colombia, S.A., 466 U.S. at 413-414.  If, however,
a court cannot assert general jurisdiction over the defendant, it
may still assert specific jurisdiction depending on the quality
and nature of the defendant's contacts with the forum state in

8

connection with the causes of action alleged in the complaint.
Id.

Plaintiffs do not assert that either Connolly or his former firm have substantial or continuous and systematic contacts with New Hampshire. Connolly is not a member of the New Hampshire Bar, does not possess any real or personal property in the State of New Hampshire, and has never resided in New Hampshire. Neither Connolly nor his former firm have an office in the State of New Hampshire, and plaintiffs do not claim that either defendant ever solicited business here. In short, defendants' only contact with New Hampshire stems from the advice and legal services Connolly provided to the Zeytoundjians. Accordingly, there is no basis upon which this court can exercise general jurisdiction over the defendants. The inquiry thus turns on whether the court can assert specific jurisdiction over the defendants.

The First Circuit has formulated a tripartite test for the ascertainment of specific jurisdiction. See United Elec. Workers, 960 F.2d at 1089. First, the claim underlying the litigation must "directly arise out of, or relate to, the defendant's forum-state activities." Id. Second, the defendant's in-state contacts must "represent a purposeful

9

availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." Id. Third, the exercise of jurisdiction must be reasonable in light of certain "Gestalt factors." Id.

Turning to the facts of the case, plaintiffs have alleged (1) that defendants' negligent representation and advice adversely affected Mr. Zeytoundjian's right to recover future medical expenses pursuant to his New Hampshire workers' compensation claim, (2) that the New Hampshire injury was a foreseeable consequence of defendants' alleged negligence, (3) while working for his former firm, Connolly was substantially involved with the workers' compensation claim, and (4) Connolly understood that the settlement he negotiated with Commercial Union could significantly affect Mr. Zeytoundjian's workers' compensation claim. In short, plaintiffs have pleaded specific facts which, when construed in the light most favorable to them, are sufficient to establish a prima facie case that Connolly and his firm negligently provided advice and representation to the plaintiffs with respect to a matter that had foreseeable adverse consequences to their clients' interests in New Hampshire. On

10

this basis, I conclude that plaintiffs have satisfied the first two steps of the specific jurisdiction test.[2] See generally Calder v. Jones, 465 U.S. 783 (1984); Hugel v. McNell, 886 F.2d, 1 (1st Cir. 1989), cert. denied, McNell v. Hugel, 494 U.S. 1079 (1990).

The so-called "Gestalt" factors that comprise the third part of the test of specific jurisdiction are:

> [T]he plaintiff's interest in obtaining convenient and effective relief; the burden imposed upon the defendant by requiring it to appear; the forum's adjudicatory interest; the interstate judicial system's interest in the place of adjudication; and the common interest of all affected sovereigns, state and federal, in promoting substantive social policies.

Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990) (citations omitted). In this case, the balancing of the Gestalt factors weighs heavily in favor of a finding of personal jurisdiction over the defendants. As New Hampshire residents, the plaintiffs have a strong interest in litigating the case

---

[2] Connolly denies that he advised plaintiffs with respect to their workers' compensation claim, and further contends that plaintiffs were represented on that claim by Lewis. In determining that the court has personal jurisdiction over Connolly and his former firm, I express no opinion with respect to the merits of plaintiffs' claims against Connolly.

here.  The defendants, although residing outside the state, are not far away and would not be unfairly burdened if they are required to litigate in this court.  Since defendants' alleged negligence compromised plaintiffs' rights under New Hampshire law, the State of New Hampshire also has an interest in having this issue determined here.  Finally, no other forum has a greater interest in having the case decided in its jurisdiction. Accordingly, I determine that the application of the Gestalt factors weighs in favor of personal jurisdiction.  Thus, plaintiffs have satisfied the two-part test of specific jurisdiction.

## III. <u>Conclusion</u>

For the foregoing reasons, defendants' motion to dismiss (document no. 6) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 2, 1994

cc:  Michael DeMarco, Esq.
     Joseph Kerigan, Esq.
     William Dailey, Esq.

12

Ellen Saturley, Esq.
Mark Rufo, Esq.