Schleuniger v. Phoenix          CV-99-169-M    11/10/99
                 UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


Schleuniger, Inc.,
       Plaintiff

       v.                                    Civil No. 99-169-M

Phoenix Business Solutions, Inc.
d/b/a Alliance Consulting Group
       Defendant


                         O R D E R


       In the Spring of 1999, Schleuniger, Inc., filed a six count

writ against Phoenix Business Solutions, Inc. ("Phoenix") and

Navision Software US, Inc. ("Navision") in the New Hampshire

(Hillsborough County) Superior Court, seeking damages for

defendants' alleged breach of contract and violations of New

Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. ch 358-

A.  On April 22, 1999, Navision (joined by Phoenix) filed a

timely notice of removal, asserting that this court has subject

matter jurisdiction over the parties' dispute pursuant to 28

U.S.C. § 1332.


       Subsequently, plaintiff and Navision resolved their dispute

and filed a stipulation of dismissal as to all of the claims

asserted against Navision.  See Document no. 18.  Consequently,

Phoenix is the sole remaining defendant in this action.


       Pending before the court are Phoenix's motion to dismiss

(document no. 16) and plaintiff's motion for summary judgment as

to counts 1 (breach of contract) (document no. 11) and 4 (violations of New Hampshire's Consumer Protection Act) (document no. 12).

## Discussion

I.   Phoenix's Motion to Dismiss.

Phoenix asserts that the court lacks personal jurisdiction over it and, therefore, moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.   In support of that motion, Phoenix points to section six of its contract with plaintiff, which provides:

> Legal Jurisdiction of Agreement.  This contract shall be deemed to have been entered into in the Commonwealth of Massachusetts and its interpretation, construction and the remedies for its enforcement or breach shall be according to the laws of the Commonwealth of Massachusetts.

Professional Services Agreement between plaintiff and Phoenix, dated February 4, 1998 (Exhibit A to Phoenix's motion to dismiss) (the "Contract").  Phoenix asserts that this choice of law provision of the Contract:

> plainly states the intention of the parties to have Massachusetts law applied to any disputes arising out of the Professional Services Agreement, and this intention included the use of Massachusetts courts to litigate the matter.  Accordingly, the court must dismiss the suit for lack of personal jurisdiction over [Phoenix].

Phoenix's memorandum of law at 3.  Aside from pointing to the choice of law language of the Contract, Phoenix simply asserts

that "the Court must dismiss the suit because the defendant did not intentionally avail itself of the privilege of conducting activities in the forum state.  The defendant performed substantially all of its work in Massachusetts, leaving an insignificant portion of the service to be performed at [plaintiff's] location."  Id. at 4.  It has not, however, provided any references to any affidavits, exhibits, or deposition testimony, which might provide factual support for its legal argument.  So, while acknowledging that it had some contacts with this forum, Phoenix asks the court to simply assume that those contacts were insufficient to vest it with personal jurisdiction over Phoenix.  Plainly more is necessary.[1]

Fundamentally, Phoenix appears to confuse choice of law, venue, and personal jurisdiction.  It's repeated reliance upon the Contract's choice of law provision illustrates that confusion.  For example, Phoenix asserts that:

> [T]he Court may simply consider the reasonableness of applying a forum selection clause in this matter.  In the contract at issue, we have two business entities executing an agreement stipulating to the application of Massachusetts law, contained in a paragraph captioned "Legal Jurisdiction of Agreement."

---

[1]     When a defendant properly raises (and supports) a claim that personal jurisdiction is lacking, the plaintiff bears the burden of establishing that the court has such jurisdiction.  See Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986).  Even accepting Phoenix's unsupported claims as sufficient to raise the question of personal jurisdiction, plaintiff has submitted evidence (in the form of affidavits) that the Phoenix had sufficient contacts with New Hampshire to warrant the exercise of personal jurisdiction over it.

> [Plaintiff], a New Hampshire corporation, contracted
> with a Massachusetts corporation, in Massachusetts,
> agreeing to apply Massachusetts law. Surely it stands
> as reasonable to require [plaintiff], a commercial
> party who entered into the agreement fully aware of the
> implication of the Legal Jurisdiction paragraph, to
> litigate the matter across the border in Massachusetts.

Phoenix's memorandum of law at 4-5.

As best as the court can tell, Phoenix's lack of personal jurisdiction argument goes like this. First, the parties agreed to have the Contract's provisions construed under Massachusetts law. From that, Phoenix asserts that the parties also implicitly agreed to litigate any dispute arising under the Contract exclusively in Massachusetts (i.e., the Contract's choice of law provision also acts as an implicit forum selection provision). And, from that, it extrapolates that this court necessarily lacks <u>personal jurisdiction</u> over it.

Phoenix's legal reasoning is, however, flawed. Simply because a party has agreed to construction of a contract's terms under the law of a foreign jurisdiction, it does not necessarily follow that the exercise of personal jurisdiction over it by any court other than the courts of the jurisdiction supplying the governing law would be inconsistent with due process or fundamental notions of fair play. Nor does a choice of law provision render legally irrelevant a party's otherwise indisputable "minimum contacts" with another forum.

4

Phoenix has failed to support its claim that the court lacks personal jurisdiction over it. It has not, for example, asserted that it lacks the requisite "minimum contacts" with this forum. Nor has it presented any evidence to support such a claim. And, at its core, Phoenix's assertion that the Contract's choice of law provision divests this court of personal jurisdiction over it is without merit.

Moreover, even assuming that Phoenix had properly put the jurisdictional question in play, at least at this preliminary stage of the litigation, plaintiff has made a prima facie showing that the court may properly exercise personal jurisdiction over Phoenix. See Plaintiff's memorandum in opposition to motion to dismiss (document no. 21); Plaintiff's supplemental memorandum (document no. 25); and Affidavit of Sean Matulonis. See generally Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995); Boit v. Gar-Tec Products, Inc., 967 F.2d 671 (1st Cir. 1992); Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7 (1st Cir. 1986). Accordingly, Phoenix's motion to dismiss for lack of personal jurisdiction is denied.

II. Plaintiff's Motions For Summary Judgment.

In support of its motions for summary judgment, plaintiff says that it is undisputed that Phoenix breached the terms of the Contract and caused it to incur $156,168.98 in damages. Phoenix, on the other hand, asserts that it substantially completed its

5

obligations under the contract and, at least implicitly, suggests that plaintiff wrongfully terminated the contract. It also says that plaintiff breached its obligations under the contract by failing to provide timely "input and feedback" on various aspects of the software provided by Phoenix, thereby preventing Phoenix from fulfilling its contractual obligations in a timely fashion. See Exhibit B to Contract (attached as exhibit E to Phoenix's memorandum of law) ("The Customer will make every attempt to support these efforts and to provide input and feedback on the Work and recognizes that failure to provide timely input could result in delays."). See also Affidavit of William Saltys (attached to Phoenix's memorandum in opposition to summary judgment).

Phoenix has demonstrated, in its memorandum of law and the attached exhibits, that genuine issues of material fact preclude the court from granting plaintiff's motions for summary judgment. At this juncture, moreover, the court need not resolve the looming choice of law question - whether New Hampshire or Massachusetts law governs the parties' dispute. Until the parties have more fully developed their arguments on that point, and have provided appropriate references to legal authority in support of those positions, the court will not address the issue.

**Conclusion**

6

For the foregoing reasons, Phoenix's motion to dismiss for lack of personal jurisdiction (document no. 16) is denied without prejudice. Phoenix may, if it chooses, elect to submit a new motion to dismiss (in which it more fully develops the precise legal and factual bases for dismissal) at a later date.

As for plaintiff's motions for summary judgment, the existence of genuine issues of material fact in the record currently before the court preclude it from concluding that plaintiff is entitled to judgment as a matter of law as to counts 1 and/or 4. Accordingly, those motions (documents no. 11 and 12) are also denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 10, 1999

cc:  John A. Rachel, Esq.
     William H. Tucker, Esq.
     R. Matthew Cairns, Esq.
     John J. Geary, Esq.