# United States Court of Appeals
## For the First Circuit

No. 01-2712

VICTOR TORRES-VIERA,

Plaintiff, Appellant,

v.

ZOE LABOY-ALVARADO, Administrator of Correction of the
Commonwealth of Puerto Rico; ALFREDO MURPHY-RIVERA, Bayamón
Regional Director for the Administration of Correction;
WILSON MORALES, Bayamón Regional Director of Security for the
Administration of Correction; CARLOS RODRIGUEZ-DELGADO, Complex
Director of the Bayamón Correctional Complex; PORFIRIO GREEN-
SANTIAGO, Director of Security at the Bayamón Correctional
Complex; RAFAEL LOPEZ-CINTRON, Warden/Superintendent at the
Bayamón Correctional Institution; Lieutenant JOSE A. RODRIGUEZ-
DE-LEON, Warden/Superintendent at the Bayamón Correctional
Institution; Lieutenant ELIEZER SANTIAGO, Commander of the Guards
at the Bayamón Correctional Institution; JOHN DOE 01CV1361,
Commander of the Disturbance Control Unit; RICHARD ROES 1 THROUGH
4 01CV1361, Supervisors at the Bayamón Correctional Institution;
WILLIAM WOE 01CV1361, Correctional Officer and/or Cadet employed
by the Administration of Correction,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge, and
Lynch and Howard, Circuit Judges.

José R. Olmo-Rodríquez for the Appellant.

Roberto J. Sánchez Ramos, Solicitor General, with whom Vanessa Lugo Flores, Deputy Solicitor General, and Irene S. Sorceta-Kodesh, Assistant Solicitor General, were on brief for the Appellees.

———————

November 20, 2002

———————

**LYNCH**, **Circuit Judge**.  In March 2000, Victor Torres-Viera was incarcerated at the Bayamón Correctional Institution, in the Bayamón region of Puerto Rico.  He suffered serious injury while there from being hit by a tear gas cannister fired by a prison official during a disturbance.  One year later, after his release, Torres-Viera brought a 42 U.S.C. § 1983 (2000) claim for damages against prison officials, alleging violation of his rights under the Eighth Amendment.  The district court judge ruled in favor of the prison officials on a motion to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  Torres-Viera appeals.  We affirm.

## I.

Our review of a district court's dismissal of a complaint for failure to state a claim[1] under Fed. R. Civ. P. 12(b)(6) is de novo.  Chute v. Walker, 281 F.3d 314, 318 (1st Cir. 2002).  We accept as true all well-pleaded facts alleged by the plaintiff in his complaint, drawing in his favor all reasonable inferences fitting his stated theory of liability.  Calderón-Ortiz v. Laboy-

---

[1]  Defendants originally filed a motion to dismiss, arguing that Torres-Viera had failed to exhaust the available administrative remedies.  They later filed a supplementary motion arguing that Torres-Viera had failed to state a claim.  The court held that the requirement of exhaustion of remedies did not apply because Torres-Viera was no longer incarcerated at the time of filing.  Torres-Viera v. Laboy-Alvardo, CIVIL 01-1361CCC, at 2 (D.P.R. Oct. 3, 2001) (order).  This issue is not before us.

Alvarado, 300 F.3d 60, 63 (1st Cir. 2002); Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).

The facts as described in Torres-Viera's complaint follow. On or about March 28, 2000, in the early afternoon, several dozen prison officials carried out a general search at the Bayamón Correctional Institution. During that search, many inmates were taken to a room, formerly used as a cafeteria, where they were locked in while the search continued. An altercation subsequently broke out between inmates and officials. In response, prison guards began firing tear gas indiscriminately at inmates, both those who were participating in the altercation and those who were not. Guards opened the door to the former cafeteria where inmates were being held. One officer fired a tear gas cannister directly into the room and into the back of Torres-Viera's head. Torres-Viera was knocked to the ground, stunned, and began bleeding profusely from his wound, which later required eight stitches. Since the incident, Torres-Viera has suffered from headaches and discomfort.

## II.

The Eighth Amendment prohibits cruel and unusual punishment of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Supreme Court has established a standard of deliberate indifference for assessing whether a constitutional claim is asserted that prison officials have a sufficiently culpable state

of mind in tolerating threats to inmate health or safety. Id. at 834.

The standard is very different, however, when courts evaluate the behavior of prison officials during riots or other disturbances. The Supreme Court has held that a deliberate indifference standard does not apply in these situations. Whitley v. Albers, 475 U.S. 312, 320 (1986). Instead, the standard is whether unnecessary and wanton pain and suffering were inflicted, with that question ultimately turning on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 320-21 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1972)). Central to our inquiry is the directive that:

> It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . . The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.

Id. at 319.

"[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). But even working within this generous

-5-

framework, Torres-Viera's complaint falls short. The facts consistent with the pleadings in the complaint are that there was a general prison disturbance and officials responded with tear gas, including in the room where plaintiff was held, and that he was injured by a tear gas cannister. Nothing has been pled in the complaint which permits a reasonable inference to be drawn that the tear gas cannister was fired maliciously or sadistically for the very purpose of causing harm. While plaintiffs are not held to higher pleading standards in § 1983 actions, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 167-69 (1993), they must plead enough for a necessary inference to be reasonably drawn.

To be sure, excessive use of tear gas by prison officials can amount to an Eighth Amendment violation. See, e.g., Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984). See generally Spain v. Procunier, 600 F.2d 189, 195-96 (9th Cir. 1979)(listing cases "condemn[ing] the use of tear gas in particular circumstances as violative of the Eighth Amendment or of due process or both."). Here, however, the allegations concerning the context in which the gas was used establish that prison officials were responding to a security disturbance. This means that plaintiff must meet a very high standard in order to show that prison officials are culpable. See 1 M.B. Mushlin, Rights of Prisoners § 2.05 at 64 (2d ed. 2001). Prison officials are given "wide-ranging deference" in their

-6-

measures to restore order during disturbances. <u>Whitley</u>, 475 U.S. at 321-22. Absent some facts from which a reasonable inference can be drawn to meet that standard, the complaint fails to state a claim.

Torres-Viera originally brought claims of supervisory liability against prison officials as well, but failed to argue them on appeal. Regardless, his failure to state any Eighth Amendment claim whatsoever dooms his supervisory claim. <u>Burrell</u> v. <u>Hampshire County</u>, 307 F.3d 1, 2002 WL 31218304 at *7-*8 (Oct. 4, 2002, 1st Cir.).

For these reasons, the judgment of the district court is **<u>affirmed</u>**.