Every v. Town of Easton                    CV-04-174-JD   03/30/05

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Robert Every

        v.                              Civil No. 04-CV-174-JD
                                        Opinion No. 2005 DNH 051
Town of Easton *et al.*


                              O R D E R


     Robert Every, the former chief of police of the town of
Easton, New Hampshire, has filed a pro se motion to amend his
complaint in this action asserting violations of his
constitutional rights.  The defendants, the town and three of its
selectmen, have filed a motion to dismiss the amended complaint
for failure to state a claim on which relief can be granted.  See
Fed. R. Civ. P. 12(b)(6).

     Acting on that basis, this court granted the defendants'
motion to dismiss Every's original complaint on January 6, 2005.
2005 D.N.H. 003.  At that point, however, Every's motion "to file
an Amended Complaint should any portion of his complaint be found
inadequate by this Court, within thirty days of the Court's
order" on the motion to dismiss, had already been granted with
the defendants' assent.  Thus, the court will treat Every's
instant motion, which sets forth additional allegations against
the defendants and attempts to explain how they state a cause of
action, as both an amended complaint and an objection to the

defendants' motion to dismiss it.[1]

In ruling on a motion to dismiss for failure to state a claim, the court accepts all of the plaintiffs' well-pleaded factual allegations as true and draws all reasonable inferences from them in the plaintiffs' favor.  E.g., Torres-Viera v. Laboy-Alvarado, 311 F.3d 105, 108 (1st Cir. 2002).  Such a motion cannot be granted "[i]f the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory . . . ."  SEC v. SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Furthermore, the court must construe Every's pro se amended complaint liberally.  Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Every's amended complaint, like his original filing, asserts that the defendants violated his constitutional rights to both procedural and substantive due process and equal protection by (1) failing to keep complete and accurate records of their meetings as the Easton Board of Selectmen, (2) mishandling Every's inquiry about workers' compensation benefits, to the point of altering a form he had submitted, and (3) improperly

---

[1]Every has not filed a separate objection to the defendants' February 16, 2005, motion to dismiss his amended complaint.

2

responding to his request for documents under the New Hampshire Right-to-Know Law. As the court explained to Every in its order dismissing his initial complaint, the "mere misuse or disregard of state law by public officials does not amount to an abrogation of due process." 2005 DNH 003, at 8 (citing Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortgage Fin. Corp., 246 F.3d 1, 7 (1st Cir. 2001), and Malachowski v. City of Keene, 787 F.2d 704, 708 (1st Cir. 1986)). Every's charges that the Board unwisely went about the process of selecting his replacement, primarily through its ultimately abandoned efforts to hire defendant Keith Kidder as chief, also fail to "shock the conscience." Id. Although Every's amended complaint sets forth more detailed factual allegations and documents to support these claims, they continue to rest on the same untenable theory. The amended complaint therefore fails to state a substantive due process claim.

In dismissing Every's original complaint, the court ruled that Every failed to state a procedural due process claim because he acknowledged that he had voluntarily retired from his position as the Easton chief of police. He now alleges that he had tendered his resignation subject to the conditions that the selectmen allow him to stay on the active police roster and to keep his service weapon but that they refused to honor these requests after being served with the instant lawsuit. Every

3

argues that he has therefore alleged a violation of his rights not only to procedural due process, but also to equal protection in that the selectmen acted with the intent to punish his exercise of his right of access to the courts and with malicious intent to injure him.

This argument ignores the balance of the facts alleged in the amended complaint and contained in the documents attached to it which concern Every's resignation. In December, 2003, Every submitted a letter to the Board reaffirming his intention to retire as of April 30, 2004, and reminding the selectmen that, at the meeting where he had stated that intention, he had "asked for two things: 1.) I would be able to stay on the roster . . . ; you indicated affirmatively. 2.) I would be allowed to keep or buy my sidearm; you indicated, unanimously, you felt the town should present my sidearm as a token of past service . . . ." Am. Compl. ¶ 2, Ex. 1. The letter also referenced Every's continuing work on a criminal case against one David Kenney, stating that "[i]f the select board is in agreement on item #1 and #2 and you agree to my finishing the case . . . please consider this formal notification of my resignation effective April 30, 2004." Id.

The Board, however, later informed Every in writing that, having reviewed his letter, it "accept[ed] his resignation as of

4

that date without condition." Am. Compl. ¶ 4, Ex. 4. Every affirmatively alleges that he indicated his assent to the Board's position when presented with its letter on January 5, 2004. Id. Thus, while Every initially offered to resign subject to certain conditions, he nevertheless accepted the Board's counterproposal that he resign without condition, effective April 30, 2004.[2] Assuming that Every had a constitutionally protected property interest in his continued tenure as police chief, then, he voluntarily relinquished it on the terms proposed by the Board and therefore cannot show the deprivation necessary to support a procedural due process claim.[3] 2005 DNH 003, at 6-7.

Furthermore, to prevail on an equal protection claim based on retaliation for the exercise of a constitutional right, a plaintiff must show that his or her exercise of the right was a

---

[2]Every characterizes his proposal as a "conditional resignation containing three conditions (binding to the acceptance of the resignation) and two contingencies (optional to the acceptance of the resignation)." Am. Compl. ¶ 2. Assuming that this accurately describes Every's offer, the Board countered that it would accept his resignation "without condition," and Every agreed. Id. ¶ 4. Thus, by Every's own account, whatever strings he sought to attach to his proffered resignation did not become part of the parties' agreement.

[3]Every's assertion that "the actions of the plaintiffs made it impossible to continue in the position," Am. Compl. ¶ 23, fails to support a constructive discharge claim, given that the vast majority of the complained-of actions occurred after he first announced his intention to retire, in early 2002.

<u>substantial factor</u> motivating the actions alleged to comprise the retaliation.  <u>Rosenfeld v. Egy</u>, 346 F.3d 11, 15 (1st Cir. 2003); <u>Collins v. Nuzzo</u>, 244 F.3d 246, 251-52 (1st Cir. 2001).  Several months before Every brought this action, the defendants had an agreement in place with him that he would resign as chief without condition on April 30, 2004; when Every subsequently sought to impose new terms, through his letter of May 3, 2004, the Board rejected them at its next meeting, held just two weeks later.[4] The defendants therefore handled Every's request promptly and (under any colorable understanding of the resignation agreement) properly, by insisting that Every do what he had promised and should have already done at that point.

Although the court must give Every the benefit of all reasonable inferences which can be drawn from his allegations, the possibility that the Board refused to accede to Every's proposed revision of their agreement <u>substantially because</u> he had just sued them is simply too far-fetched to sustain an equal protection claim in light of the other facts set forth in the amended complaint.  <u>See</u> <u>Collins</u>, 244 F.3d at 252 (noting that officials' stated "irritation over being sued" by plaintiff failed to show that suit impermissibly motivated their subsequent

---

[4]Indeed, the Board forestalled acting on Every's request at its May 3 meeting because one of its members was absent.

decision in light of legitimate reasons supporting it);
Rubinovitz v. Rogato, 60 F.3d 906, 911 (1st Cir. 1995) (refusing to infer retaliatory motive from fact that challenged action chronologically followed exercise of constitutional right). For the same reason, the coincidental timing of the service of this lawsuit on the selectmen and their decision not to renegotiate the terms of Every's resignation does not support an equal protection claim based on the defendants' malice or bad faith. See Barrington, 246 F.3d at 11 (upholding Rule 12(b)(6) dismissal of equal protection claim based on state agency's denial of plaintiff's application, despite agency director's alleged comments suggesting bias against plaintiff, because comments "readily explained as rational reactions" to plaintiff's actions rather than evidence of malice).

Finally, Every complains that Kidder, a bailiff of the Littleton District Court, improperly participated in the criminal case against David Kenney and that the Board advised Kenney that he should seek dismissal of the charges, calling these alleged actions "the saddest of all." Am. Compl. ¶ 23. The court reminds Every that substantive due process violations generally constitute only actions "'such as to offend even hardened sensibilities, uncivilized and intolerable, offensive to human dignity, or must constitute force that is brutal, inhumane, or

7

vicious.'" 2005 DNH 003, at 8 (quoting <u>Cummings v. McIntire</u>, 271 F.3d 341, 344 (1st Cir. 2001)). The complained-of behavior comes nowhere near this standard. Indeed, if dissatisfaction or disillusionment with the behavior of public officials could itself support civil rights litigation, judges and juries, rather than the electorate, would become the arbiters of each governmental action. That is not what our constitutional system contemplates. Every's amended complaint, like his original complaint, fails to state a claim on which relief can be granted.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss Every's amended complaint for failure to state a cause of action (document no. 15) is GRANTED. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 30, 2005

cc: Robert Every, pro se
    Mark T. Broth, Esquire

8