**UNITED STATES, Appellee,**

v.

**Thomas J. CURRAN, Defendant, Appellant.**

**No. 91–1990.**

United States Court of Appeals, First Circuit.

Heard May 8, 1992.

Decided June 12, 1992.

Eugene V. Mollicone, Cranston, R.I., with whom William A. DiMitri, Jr., by Appointment of the Court, and DiMitri & DiMitri, Providence, R.I., were on brief, for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., and Charles A. Tamuleviz, Asst. U.S. Atty., Providence, R.I., were on brief, for appellee.

Before BREYER, Chief Judge, CYR, Circuit Judge, and FUSTE,* District Judge.

BREYER, Chief Judge.

A jury convicted the appellant, Thomas J. Curran, of embezzlement, 18 U.S.C. § 153 (embezzlement by a bankruptcy trustee), after which the district court sentenced him to thirty months imprisonment, three years of supervised release, and restitution in the amount of $21,550.09. Curran appeals the sentence.

---

* Of the District of Puerto Rico, sitting by designation.

Curran and the government agree that the court incorrectly calculated the amount of restitution. They also agree that, since the crime involved conduct that ended in early 1989, the court should have calculated the sentence of imprisonment on the basis of the June 1988, rather than the November 1989, version of the Sentencing Guidelines. The earlier version provides for a nine level increase for embezzlement of more than $200,000; the later version, which the court applied, provides for a ten level increase. *Compare* U.S.S.G. § 2B1.1(b)(1)(J) (June 1988), *with* U.S.S.G. § 2B1.1(b)(1)(K) (Nov. 1989). In light of these two points of agreement, we remand for resentencing.

■ For the guidance of the district court on resentencing, we shall consider two other claims that appellant raises. First, Curran says that the court incorrectly found that he had embezzled more than $200,000. In fact, Curran claims, he embezzled no more than approximately $192,000—the amount which, at trial, the government showed that he had taken. We disagree with the appellant, for the record shows that the amount of the victims' "loss," *see* U.S.S.G. § 2B1.1, exceeded $200,000.

In calculating the loss, the district court relied upon the presentence report which had, in turn, relied upon an attached auditor's report, which had also been introduced at trial. The auditor's report specified that Curran took approximately $174,000 from one of the victims (the bankruptcy estate of New England Metals) and deposited the money in bank accounts that he controlled. The money would have earned more than $10,000 interest in the estate's account. The auditor concluded that this interest constituted a "loss in funds" to the victim, for, had Curran not taken the $174,000, the interest earned "would have been available to creditors" of the bankruptcy estate. Given that the commentary to the Guidelines says that, " '[l]oss' means the value of the property taken," *id.*, comment. (n.2), we think that including the interest in the amount of the loss was proper.

■ We must also accept as correct the auditor's $10,000 figure as the amount of the lost interest. The presentence report contained that figure. Curran, though he challenged various other factual and legal conclusions in the presentence report, did not challenge the $10,000 interest calculation. *See United States v. Wilkinson*, 926 F.2d 22, 29 (1st Cir.) ("presentence reports are normally considered reliable sources of information.... [C]ourts can, and do, commonly take as true facts stated in presentence reports *when they are not challenged*") (emphasis in original) (citing cases), *cert. denied*, — U.S. —, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991); *see also United States v. Zuleta–Alvarez*, 922 F.2d 33, 36 (1st Cir.1990) ("The sentencing court is free to rely upon outside evidence, including hearsay evidence that has never been subject to cross-examination.") (citing cases), *cert. denied*, — U.S. —, 111 S.Ct. 2039, 114 L.Ed.2d 123 (1991). Curran did not object to this calculation during the sentencing hearing. He did not seek to call the auditor as a witness (as he might have done). Nor has he given us any reason on this appeal to believe that the auditor's calculation is not correct. *See generally United States v. Blanco*, 888 F.2d 907, 908–09 (1st Cir.1989) (citing cases and explaining that defendant's failure to dispute apparently reliable statement provides basis for finding). Consequently, on resentencing, the district court should take the approximate $10,000 interest loss as established. Since the $10,000 figure, when added to the $192,000 that Curran concedes were losses to all the victims ($174,000 from the New England Metals estate plus roughly $18,000 taken from three other bankruptcy estates), exceeds $200,000, the district court should also take as established that the loss was in the "more than $200,000" category.

■ Second, Curran argues that the district court should have awarded him a two level downward adjustment because of his "acceptance of responsibility" for his conduct. *See* U.S.S.G. § 3E1.1. He points out that he did many things that suggest that he did accept such responsibility. He paid most of the money back in restitution the

very day he was confronted by investigators, he cooperated with the United States Trustee and law enforcement officers and provided them with relevant documents, he voluntarily resigned his position as bankruptcy trustee, and he entered drug and alcohol rehabilitation programs. *See id.,* comment. (n.1) (non-exhaustive list of appropriate considerations). Moreover, he did all this either at the time, or very soon after, his embezzlement was discovered. *See id.,* comment. (n.2) ("determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct"). Finally, Curran correctly notes that, "[c]onviction by trial does not preclude a defendant from consideration under this section." *Id.,* comment. (n.2).

These factors do not necessarily entitle Curran to a two level downward adjustment, however. As the district court pointed out, Curran went to trial and presented the defense that he lacked the requisite criminal intent because his drug and alcohol abuse forced him to take the money. That fact, along with other factors, might have convinced the court that Curran did not "demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1(a). And, if the court reached that conclusion, we should affirm its decision. *See* U.S.S.G. § 3E1.1, comment. (n.5) ("determination of the sentencing judge is entitled to great deference on review"); *United States v. Tabares,* 951 F.2d 405, 411 (1st Cir.1991) ("district court has especially broad authority to determine whether or not to award" § 3E1.1 adjustment) (citations omitted).

Our problem, however, is that we are left uncertain by the district court's comments at sentencing whether the court found no acceptance of responsibility for the criminal conduct at issue, or whether its conclusion rested simply upon Curran's showing insufficient remorse for having become involved with drugs and alcohol in the first place. The relevant question involves the former; and the latter is relevant only insofar as it may shed light upon the former. Because of our uncertainty, we ask the district court, on remand, to reconsider, or to clarify, its original determination. *Cf. United States v. Charger,* 928 F.2d 818, 823 (8th Cir.1991) (remanding for reconsideration where district court's reasons for denying § 3E1.1 adjustment unclear and one possible reason perhaps impermissible).

The sentence is

*Vacated and the case remanded for further proceedings.*