Debra A. RODGERS, Individually, and Barry Brown and Debra A. Rodgers in their Capacity as Co–Guardians of Brian Rodgers, an Incompetent Person, Plaintiffs, Appellants,

v.

AMERICAN HONDA MOTOR COMPANY, Defendant, Appellee.

No. 94–1556.

United States Court of Appeals, First Circuit.

Heard Jan. 11, 1995.

Decided Jan. 31, 1995.

John C. Cabaniss with whom Cunningham, Lyons & Cabaniss, S.C., Milwaukee, WI, was on brief for appellants.

Andrey L. Frey, orally, Washington, DC, with whom Wayne D. Struble, Richard A. Bowman, Timothy J. Mattson, Bowman and Brooke, Minneapolis, MN, Peter W. Culley, David E. Barry, and Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, were on brief for appellee.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and STAHL, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

In 1965, in line with the growing concern over the fatal consequence of contributory negligence, the Maine Legislature enacted a statute permitting recovery, but reduced damages, in cases where a plaintiff, though negligent, was less so than the defendant. Me.Rev.Stat.Ann. tit. 14, § 156. Although there were a variety of state statutes in effect, the Legislature chose the English one, *see Wing v. Morse*, 300 A.2d 491, 497 (Me. 1973), essentially word for word, *see Comparative Negligence: Some New Problems for the Maine Courts*, 18 Me.L.Rev. 65, 76 (1966). The statute is unique, and we are not to look for enlightenment to decisions in sister states.

The facts are simple. Brian Rodgers, an experienced ATV (all terrain vehicle) rider, found himself without his helmet at a popular

Maine spot where a friend with a three wheel ATV asked him to help repair it. Some repairs having been made, plaintiff[1] gave it a trial run. It flipped and he struck his head, receiving brain-crippling injuries. On his motion, liability was tried first, and the jury's answers to special questions terminated the case in defendant's favor. Plaintiff has one basic claim on appeal. We will deal with it rather than with defendant's contention that judgment in its favor would have been proper even if the evidence plaintiff objected to had been excluded.

For the liability trial, by motion in limine, plaintiff sought an order excluding testimony that he had not been wearing a helmet. This was of importance because defendant had uncontradicted expert testimony that, with a helmet, plaintiff's injuries would have been insignificant. Plaintiff's position was that, however much the absence of a helmet may have added to the damages, it was not a fault that caused the accident, and that under the Maine statute comparative fault for the accident itself was the determining factor. The court ruled otherwise, and the evidence was subsequently admitted. This was crucial because unless plaintiff's fault was less than defendant's he was barred by the statute from recovery. If fault was to be measured by weighing responsibility for damages, as distinguished from for the event, on the uncontradicted evidence, it being clear that plaintiff knew it was best to wear a helmet, he had no case.

Analysis of the statute persuades us that the court was correct. It provides, in relevant part,

> Where any person suffers death or damage as a result partly of his own fault and partly of the fault of any other person or persons, a claim in respect of that death or damage shall not be defeated by reason of the fault of the person suffering the damage, but the damages recoverable in respect thereof shall be reduced to such extent as the jury thinks just and equitable having regard to the claimant's share in the responsibility for the damage.

> Where damages are recoverable by any person by virtue of this section, subject to

such reduction as is mentioned, the court shall instruct the jury to find and record the total damages which would have been recoverable if the claimant had not been at fault, and further instruct the jury to reduce the total damages by dollars and cents, and not by percentage, to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages, and instruct the jury to return both amounts with the knowledge that the lesser figure is the final verdict in the case.

> Fault means negligence, breach of statutory duty or other act or omission which gives rise to a liability in tort or would, apart from this section, give rise to the defense of contributory negligence.

> If such claimant is found by the jury to be equally at fault, the claimant shall not recover.

Me.Rev.Stat.Ann. tit. 14, § 156.

This is a lengthy statute. *See, e.g.,* the Wisconsin statute the court quoted in *Wing,* 300 A.2d at 498. The first consideration that struck us was the rigidity of the final, all-important cut-off paragraph as against the sensitivity of the language preceding it. Damage reduction shall "not [be] by percentage, [but] to the extent deemed just and equitable, having regard to the claimant's share in the responsibility for the damages," but then the blunt cut-off, "If claimant is found by the jury to be equally at fault." The change in tone was apparently felt by the Maine court as well. It observed, "This paragraph was not found in the original draft of the Bill considered by the Legislature and is quite obviously the result of a political compromise." Striking "at fault," and substituting "responsible for the damage sustained," the court proceeded to interpret the paragraph as saying,

> If in the apportionment process such claimant is found by the jury to be equally responsible for the damage sustained or more responsible for the damage sustained

---

1. Strictly, Rodgers is now incompetent and plaintiffs are his guardians. They are joined by his wife, individually. We will speak in terms, however, of Rodgers as plaintiff.

than the defendant, the claimant shall not recover.

*Wing,* 300 A.2d at 501.

With the uncontradicted evidence that plaintiff's failure to wear a helmet was responsible for essentially all the damage sustained, this reading of the statute is fatal to his case. The *Wing* decision itself is distinguishable, but its language is an answer to all plaintiffs' claims, writ at large; the helmet evidence was admissible on liability.

*Affirmed.*