Heidelberg v. MAN Roland                CV-95-309-B    01/17/96
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


Heidelberg Harris, Inc., et al.

      v.                                  Civil No.   95-309-B

MAN Roland Drucksmaschinen AG, et al.


                              O R D E R

      Heidelberg Harris, Inc. ("Harris") and its German affiliate
have sued MAN Roland Drucksmaschinen AG ("MAN Roland") and its
American affiliate seeking a declaratory judgment recognizing
either that a patent issued to MAN Roland is invalid or that MAN
Roland did not infringe the patent.  In a separate action filed
in Connecticut but transferred to this court, MAN Roland and its
affiliate have sued Harris and its affiliate for allegedly
infringing MAN Roland's patent.  MAN Roland's motion to dismiss
asserts that Harris's claims should be dismissed and that MAN
Roland's claims should be transferred back to Connecticut because
this court lacks personal jurisdiction over Harris's claims.  For
the reasons that follow, I deny the motion.



                        I.   BACKGROUND

      Heidelberg Harris, Inc. is a Delaware corporation with its
principal place of business in Dover, New Hampshire.  It is

affiliated with Heidelberger AG, a German corporation with a principal place of business in Heidelberg, Germany. MAN Roland Drucksmaschinen AG is a German corporation with a place of business in Augsburg, Germany. It owns MAN Roland, Inc., a Virginia corporation with a principal place of business in Groton, Connecticut.

The parties compete in the design, manufacture, and sale of printing presses. In 1990, Tittgemeyer Engineering obtained United States Patent 4,913,048 ("the '048 patent") and licensed it to MAN Roland. However, the only product MAN Roland produced using the '048 patent was unsuccessful. In early 1992, Harris introduced a new press, known as the Sunday Press, which it sold throughout the United States and Europe. Shortly thereafter, Tittgemeyer filed an application to amend the '048 patent. The amended patent, RE 34,970 ("the '970 patent"), was issued with three new claims on June 20, 1995.

The day before the '970 patent was issued, MAN Roland filed a claim against Harris in Connecticut District Court alleging that Harris had infringed an unrelated patent. The same day, MAN Roland's counsel called Harris's counsel, informed him of the lawsuit, and stated that when the '970 patent was issued, MAN Roland would file claims against Harris alleging that Harris's

2

Sunday Press infringed the '970 patent. The next day, Harris filed an action for declaratory and injunctive relief in this district asserting that (1) the '970 patent was invalid, (2) MAN Roland had violated New Hampshire's Unfair Competition law, and (3) even if the patent were valid, Harris was not guilty of infringement. Approximately one hour after Harris filed the New Hampshire lawsuit, MAN Roland filed its amended complaint in Connecticut, adding infringement claims based on the '970 patent. The Connecticut District Court later severed the claims based on the '970 patent and transferred them to this district where they were consolidated with Harris's action.

## II. <u>STANDARD OF REVIEW</u>

Harris has the burden of demonstrating that the Court has personal jurisdiction.[1] See <u>Ticketmaster-New York, Inc. v.</u>

---

[1] The Connecticut District Court did not expressly conclude that this court has personal jurisdiction over Harris's claims against MAN Roland. Nevertheless, by applying the "first filed" rule in transferring MAN Roland's claims to this district, it could be argued that the Connecticut court necessarily determined the personal jurisdiction issue because a suit can only be "first filed" if the court where it is filed has both subject matter and personal jurisdiction. See, e.g., <u>Midwest Motor Express, Inc. v. Central States Southeast</u>, 70 F.3d 1014, 1016-17 (8th Cir. 1995) (first filed rule "gives priority for purposes of choosing any possible venues when parallel litigation has been instituted in

3

<u>Alioto</u>, 26 F.3d 201, 207 n.9 (1st Cir. 1994).[2]  To carry this burden when there has been no evidentiary hearing, the plaintiff must make a prima facie showing of personal jurisdiction by offering "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992); <u>accord</u> <u>Spectronics Corp. v. H.B. Fuller Co.</u>, 940 F.2d 631, 635 (Fed. Cir.), <u>cert. denied</u>, 502 U.S. 1013 (1991).  In meeting this standard, the plaintiff "ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts."

---

separate courts, to the party who first establishes jurisdiction") (quoting <u>Northwest Airlines, Inc. v. American Airlines, Inc.</u>, 989 F.2d 1002, 1006 (8th Cir. 1993)).  Because I conclude after independent review that this court has personal jurisdiction over Harris's claims, I need not address Harris's contention that MAN Roland is barred from challenging jurisdiction by the law of the case doctrine.

[2]  The Federal Circuit follows its own law on personal jurisdiction where a conflict exists with law of another circuit. <u>Akro Corp. v. Luker</u>, 45 F.3d 1541, 1543 (Fed. Cir.); <u>cert. denied</u>, 115 S. Ct. 2277 (1995).  The court decided that "[t]he creation and application of a uniform body of Federal Circuit law in this area would clearly promote judicial efficiency, would be consistent with our mandate, and would not create undue conflict and confusion at the district court level." <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558, 1564-65 (Fed. Cir.), <u>cert. dismissed</u>, 115 S. Ct. 18 (1994).  Therefore, I refer to the law of the Federal Circuit, to the extent that it exists, but rely on the law of the First Circuit, which does not conflict, to fill the gaps in the developing body of Federal Circuit law.

Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995); accord United Elec. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993). However, the court "must accept the plaintiff's (properly documented) evidentiary proffers as true" and make its ruling as a matter of law. Foster-Miller, Inc., 46 F.3d at 145. An evidentiary hearing will be required only if the court determines that it would be unfair to the defendant to resolve the issue without requiring more of the plaintiff than a prima facie showing of jurisdiction. Id., 46 at 146.

### III. **ANALYSIS**

A.   New Hampshire's Long-Arm Statute

Because the plaintiff asserts federal question jurisdiction based on federal patent laws, 35 U.S.C.A. § 1, et seq., which do not provide for personal jurisdiction or nationwide service of process, New Hampshire's long-arm statute provides the applicable standard. Fed. R. Civ. P. 4(k)(1); Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 108 (1987); Akro Corp., 45 F.3d at 1544; United Elec. Workers, 960 F.2d at 1085-86. Further, since defendants are foreign corporations, incorporated for profit under the laws of a state other than New Hampshire, N.H.

5

Rev. Stat. Ann. § 293-A:1.40(10) (Supp. 1994), is the controlling long-arm statute. <u>McClary v. Erie Engine & Mfg. Co.</u>, 856 F. Supp. 52, 55 (D.N.H. 1994). The corporate long-arm statute has been interpreted "to authorize jurisdiction over foreign corporations to the full extent allowed by federal law." <u>Id.</u> (thus, "the traditional two-part personal jurisdiction inquiry collapses into the single question of whether the constitutional requirements of due process have been met.") Therefore, I need only determine whether a finding of personal jurisdiction is consistent with the requirements of due process.

B. <u>Due Process</u>

The Fifth Amendment's due process clause limits the court's power to assert personal jurisdiction over nonresident defendants in a patent case. <u>Akro Corp.</u>, 45 F.3d at 1544 (explaining applicability of Fifth Amendment in patent cases but relying on "minimum contacts" analysis developed in the context of Fourteenth Amendment due process cases); <u>see also</u> <u>Helicopteros Nacionales De Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413-14 (1984) (citing <u>Pennoyer v. Neff,</u> 95 U.S. 714 (1877)). For the court to properly assert personal jurisdiction over an absent nonresident defendant, the defendant must have had "certain minimum contacts with [the forum] such that the maintenance of the suit does not

6

offend 'traditional notions of fair play and substantial justice.'" Helicopteros, 466 U.S. at 414 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord Burnham v. Superior Court of California, 495 U.S. 604, 618 (1990). To satisfy this requirement, the defendant's conduct should bear such a "substantial connection with the forum [s]tate" that the defendant "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985) (internal quotations omitted).

Harris asserts that MAN Roland's activities provide the court with specific jurisdiction.[3] To invoke specific jurisdiction, Harris must show that (1) MAN Roland "'purposefully directed [its] activities at residents of [New Hampshire],'" and (2) "'the litigation results from alleged injuries that arise out of or relate to those activities.'" Akro Corp., 45 F.3d at 1545 (quoting Burger King, 471 U.S. 471-76); accord Foster-Miller, 46 F.3d at 144; United Elec. Workers, 960 F.2d at 1089. If Harris

_____

[3] Although Harris mentions general jurisdiction in passing, it has not sufficiently developed the argument to allow me to properly apply the doctrine to the facts in this case. Thus, I address only specific jurisdiction. See Helicopteros, 466 U.S. at 413-14 (discussing concepts of general and specific jurisdiction).

satisfies the requirements, MAN Roland "'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Akro Corp., 45 F.3d at 1546 (quoting Burger King, 471 U.S. at 476-77); accord United Elec. Workers, 960 F.2d at 1088 (labelling the reasonableness considerations "the gestalt factors"). I address each of the due process factors in light of the factual circumstances Harris presents.

**1. Purposefully Directed Activities**

In First Circuit jurisprudence, the "purposeful activity" component of the due process analysis incorporates two factors, foreseeability and voluntariness. The "foreseeability" factor requires that the defendant's "'contact and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.'" Ticketmaster-New York, 26 F.3d at 207 (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 297 (1980)); accord Beverly Hills Fan, 21 F.3d at 1565. The "voluntariness" factor requires that the defendant's contacts must be voluntary rather than the result of the "'unilateral activity of another party or a third person.'" Id. at 207-08 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)); accord North Am. Phillips v. American Vending Sales,

8

Inc., 35 F.3d 1576, 1580 (Fed. Cir. 1994). Because the parties do not suggest that the activities that Harris relies on for jurisdiction were in any way involuntary or carried out by unrelated third parties, I need not consider the voluntariness of MAN Roland's actions. Instead, I concentrate on the question of foreseeability.

The evidence Harris offers to support its assertions is sufficient, under the prima facie standard, to demonstrate that MAN Roland reasonably could have foreseen that its activities would subject it to jurisdiction in this district. A defendant may subject itself to jurisdiction in a particular forum even though it conducted no business there if the defendant intended its conduct to harm the plaintiff in the forum court's jurisdiction. Calder v. Jones, 465 U.S. 783, 789 (1984); Hugel v. McNeil, 886 F.2d 1, 4 (1st Cir. 1989), cert. denied, 494 U.S. 1079 (1990); see also Ticketmaster, 26 F.3d at 208. In this case, Harris alleges that MAN Roland wrongly obtained the '970 patent in order to block Harris from manufacturing and selling the Sunday Press from Harris's facilities in Dover, New Hampshire. It also alleges that MAN Roland attempted to further this plan by first threatening and then filing an infringement action against Harris based on the '970 patent. It is undisputed

9

that MAN Roland, through its agent, filed its amendment to the '048 patent in an effort to broaden its scope only after Harris began selling the Sunday Press. It is also undisputed that MAN Roland's suit accusing the Sunday Press of infringing the '970 patent was filed the day the '970 patent was issued. When construed using the prima facie standard, this evidence is sufficient to support Harris's claim that MAN Roland was attempting to injure Harris in New Hampshire where the Sunday Press was being manufactured.[4]

## 2. Relationship to the Cause of Action

The next step requires Harris to show that MAN Roland's purposeful conduct bears a relationship to Harris's cause of action. Harris brings a declaratory judgment action seeking a determination that the '970 patent is invalid and unenforceable and a claim under New Hampshire law for unfair competition. MAN

---

[4] Threats to bring an infringement claim, standing alone, are not sufficient to satisfy the purposeful activity component or the specific personal jurisdiction test. See Akro, 45 F.3d at 1548 (defense counsel's infringement letters met due process standards for personal jurisdiction only in combination with other evidence); see also Nova Biomedical Corp. v. Moller, 629 F.2d 190, 197 (1st Cir. 1980) ("the mailing of an infringement notice standing alone has rarely been deemed sufficient to satisfy the constitutional standard"). In this case, it is the totality of the circumstances that supports the existence of personal jurisdiction.

Roland's efforts to interfere with Harris's manufacture and sale of the Sunday Press through its patent amendment and subsequent infringement suit, as alleged and supported by Harris, are the direct causes of Harris's suit. Therefore, the "relatedness" test is easily satisfied.

### 3. Considerations of Reasonableness

Ordinarily, I would consider the following five factors to resolve a question of reasonableness:

> '(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.'

Foster-Miller, 46 F.3d at 150 (quoting United Elec. Workers, 960 F.2d at 1088)). As MAN Roland has not presented an argument that personal jurisdiction in New Hampshire would be unreasonable and thus offend due process, and I do not find that any of the factors would compel me to find jurisdiction unreasonable, I need not address the question further.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss

11

(document no. 23) is denied.

     SO ORDERED.


                                          _____
                                          Paul Barbadoro
                                          United States District Judge


January 17, 1996


cc:   Thomas J. Donovan, Esq.
      Richard Mayer, Esq.
      Emily Rice, Esq.
      Mark Muterperl, Esq.