Pelchat v. Sterilite Corp.                    CV-95-225-SD  03/28/96 P
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Katherine J. Pelchat

     v.                                           Civil No. 95-225-SD

Sterilite Corporation


                              O R D E R


     In this civil action, plaintiff Katherine J. Pelchat alleges

claims of wrongful discharge, negligent infliction of emotional

distress, and violation of the Family and Medical Leave Act of

1993 (FMLA), 29 U.S.C. § 2601, et seq. (Supp. 1995),[1] against her

former employer, defendant Sterilite Corporation.  Plaintiff

additionally seeks an award of enhanced compensatory damages.

     The court is vested with subject matter jurisdiction over

these matters based on diversity of citizenship, 28 U.S.C. §

1332(a)(1), and the federal question at issue, 28 U.S.C. § 1331.

     Presently before the court is defendant's motion to dismiss

based on lack of personal jurisdiction, to which plaintiff has

objected.  In the alternative, defendant seeks transfer of this

_____

     [1]Defendant has indicated its assent to plaintiff's motion to
amend the complaint to specifically include an alleged violation
of the FMLA as a free-standing claim.  In the face of such
assent, said motion (document 11) is herewith granted.

action pursuant to 28 U.S.C. § 1404(a), a measure of relief to which plaintiff similarly objects. The court has further considered defendant's reply memorandum.

## Background

Plaintiff, a New Hampshire resident, was employed by defendant, a Massachusetts corporation with its principal place of business in Townsend, Massachusetts, as a personnel assistant from May 1989 until her termination on April 18, 1994.

Plaintiff became pregnant in 1993 and gave birth two months prematurely on February 5, 1994. Complaint ¶¶ 8-9. Although plaintiff was discharged from the hospital on February 7, id. ¶ 11, her baby remained in the hospital until March 2, id. ¶ 12. Utilizing defendant's leave benefits and those afforded by the FMLA, Pelchat returned to work on April 18, 1994. Affidavit of Katherine Pelchat ¶ 14 (attached to Plaintiff's Objection).

Plaintiff alleges that while she was on leave her supervisor continuously telephoned her in New Hampshire regarding employment issues and that he made harassing and inappropriate comments. Id. ¶¶ 18-20. The content of defendant's telephone calls to plaintiff allegedly included: requesting plaintiff to return to work before the baby was released from the hospital; requesting plaintiff to put a computer in her hospital room so she could

2

work while on leave; making derogatory comments to plaintiff regarding her leave; calling plaintiff for assistance regarding a work-related issue; and stating, "must be nice not to have to wake up in the middle of the night," regarding the baby's remaining in the hospital, a comment plaintiff thought inappropriate. Id.

On April 18, plaintiff returned to her employment and worked a full eight hours, but was terminated at the end of the day, Complaint ¶ 17, for an alleged "failure to meet the minimum standards of her job," Defendant's Memorandum of Law at 3.

## Discussion

### 1. Personal Jurisdiction Standard

"Personal jurisdiction implicates the power of a court over a defendant." Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 143 (1st Cir. 1995). "In a federal court, both its source and its outer limits are defined exclusively by the Constitution." Id.

"When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Where, as here, there has been no evidentiary

3

hearing, a plaintiff is required to make a prima facie showing of personal jurisdiction by submitting "evidence that, if credited, is enough to support findings of all facts," <u>Boit v. Gar-Tec Prods., Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992), "required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution,'" <u>id.</u> (quoting <u>U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.</u>, 894 F.2d 9, 11 (1st Cir. 1990)).  This "<u>prima facie</u> showing of personal jurisdiction must be based on evidence of specific facts set forth in the record."  <u>Id.</u> (citing <u>Kowalski v. Doherty, Wallace, Pillsbury & Murphy</u>, 787 F.2d 7, 9 (1st Cir. 1986)).

When reviewing the record before it, the court "may consider pleadings, affidavits, and other evidentiary materials without converting the motion to dismiss to a motion for summary judgment."  <u>Kopf v. Chloride Power Elecs., Inc.</u>, 882 F. Supp. 1183, 1192 (D.N.H. 1995) (quoting <u>Lex Computer & Management Corp. v. Eslinger & Pelton, P.C.</u>, 676 F. Supp. 399, 402 (D.N.H. 1987)) (quotation marks and citation omitted).  The court will, however, construe plaintiff's written allegations of jurisdictional facts in her favor.  <u>Id.</u> (citing <u>Kowalski</u>, <u>supra</u>, 787 F.2d at 9) (citation omitted).[2]

---

[2]The court declines, at this juncture, to rule on the issue of which state's law, either New Hampshire or Massachusetts, will here apply.  Irrespective of such determination, the court pauses

4

"[T]he extent of the required jurisdictional showing by a plaintiff depends upon whether the litigant is asserting jurisdiction over a defendant under a theory of 'general' or 'specific' jurisdiction." Sawtelle, supra, 70 F.3d at 1387 n.3 (citing Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 204 n.3 (1st Cir. 1994)).[3] Specific jurisdiction turns on a "plaintiff's ability to satisfy two cornerstone conditions: 'first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the constitution.'"

---

to note that to the extent plaintiff's other substantive claims are, in all likelihood, barred, see Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1st Cir. 1996) (existence of statutory remedy precludes common law claim for wrongful discharge) (applying New Hampshire law), and Miller v. CBC Cos., Inc., 908 F. Supp. 1054, 1068 (D.N.H. 1995) (emotional distress claims barred by workers' compensation law) (applying New Hampshire law); Clarke v. Kentucky Fried Chicken, Inc., 57 F.3d 21, 27-29 (1st Cir. 1995) (same) (applying Massachusetts law), only plaintiff's federal claim will be considered in undertaking the jurisdictional analysis.

[3]Specific jurisdiction applies in the instant case as defendant lacks the requisite "continuous and systematic activity" in the forum state. A court applies general personal jurisdiction "when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Foster-Miller, supra, 46 F.3d at 144 (citing United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)). "When general jurisdiction is lacking, the lens of judicial inquiry narrows to focus on specific jurisdiction." Id.

5

Foster-Miller, supra, 46 F.3d at 144 (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994), cert. denied sub nom., Yari v. Pritzker, ___ U.S. ___, 115 S. Ct. 1959 (1995)).

## 2. Application of the Principles

### a. New Hampshire Long-Arm Statute

As distinguished from personal jurisdiction in the context of diversity jurisdiction, which is controlled by the Due Process Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment controls when a court's jurisdiction is founded upon a federal question. United Elec. Workers, supra note 3, 960 F.2d at 1085 (citing 28 U.S.C. § 1332; Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)) (other citation omitted). The basis for service of process to a particular court must "be grounded within a federal statute or Civil Rule," as "process constitutes the vehicle by which the court obtains jurisdiction." Id. (citing Lorelei, supra, 940 F.2d at 719 n.1) (other citations omitted).

Plaintiff asserts federal question jurisdiction based on Sterilite's alleged violation of the Family and Medical Leave Act, which does not provide for nationwide service of process. See 29 U.S.C. § 2617(a)(2). Absent federal authorization for service, the court must turn to state law for authority to

6

exercise jurisdiction over an out-of-state corporation.  See
Rules 4(e) and 4(k)(1), Fed. R. Civ. P.; Akro Corp. v. Luker, 45
F.3d 1541, 1544 (Fed. Cir.) (when federal statute does not
provide for service of process, court must look to forum state's
long-arm statute), cert. denied sub nom., Luker v. Akro Corp.,
___ U.S. ___, 115 S. Ct. 2277 (1995).

The parties disagree as to which New Hampshire statute
herein applies.  Recent caselaw has confirmed this court's
previous determination that New Hampshire Revised Statutes
Annotated (RSA) 293-A:15.10 is the New Hampshire long-arm statute
governing unregistered foreign corporations.  Sawtelle, supra, 70
F.3d at 1388 (citing McClary v. Erie Engine & Mfg. Co., 856 F.
Supp. 52, 55 (D.N.H. 1994)).  RSA 293-A:15.10 "includes no
restriction upon the scope of jurisdiction over such entities to
the full extent permitted by the federal Constitution."  Id.
Accordingly, "the two-part personal jurisdiction inquiry
collapses into the single question of whether the constitutional
requirements of due process have been met."  Id.


b.  Constitutional Due Process Requirements[4]
_____

[4]Noting that "[t]he Supreme Court's constitutional
jurisprudence of personal jurisdiction . . . includes only state
and diversity cases, and thus explicates the demands of the
Fourteenth Amendment's Due Process Clause, rather than that of
the Fifth's," Akro Corp., supra, 45 F.3d at 1544-45 (citations

7

A court may exert specific jurisdiction when a plaintiff shows that "minimum contacts" exist between the defendant and the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The First Circuit has found that the minimum contacts analysis "implicates three distinct components, namely, relatedness, purposeful availment (sometimes called 'minimum contacts'), and reasonableness." Foster-Miller, supra, 46 F.3d at 144 (citing United Elec. Workers, supra note 3, 960 F.2d at 1089); accord Ticketmaster, supra, 26 F.3d at 206.

As to "relatedness", the court's first consideration is whether plaintiff's claims arise out of, or relate to, defendant's New Hampshire activities. See Ticketmaster, supra, 26 F.3d at 206. This "requirement focuses on the nexus between the defendant's contacts and the plaintiff's cause of action." Id. "The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum

_____

and footnote omitted), the Federal Circuit, along with the Seventh and Eighth Circuits, has "applied the 'minimum contacts' standard of International Shoe and its progeny to the questions of personal jurisdiction in the federal question cases . . . ," id. at 1545 (citing, inter alia, Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1389 n.2 (8th Cir. 1991); Honeywell, Inc. v. Metz Apparatewerke, 509 F.2d 1137, 1143 (7th Cir. 1975)). In the absence of any controlling authority to the contrary, this court will follow suit.

state." Sawtelle, supra, 70 F.3d at 1389 (emphasis added) (citing Fournier v. Best Western Treasure Island Resort, 962 F.2d 126, 127 (1st Cir. 1992)).

Since plaintiff claims defendant wrongfully terminated her in violation of the FMLA, see Complaint ¶ 37 ("defendant nevertheless discharged plaintiff for using the [FMLA] benefits"), the court must therefore determine if plaintiff's claims arise out of or relate to defendant's alleged activities in New Hampshire.

Plaintiff acknowledges that her discharge took place in Massachusetts. Id. ¶ 17. Plaintiff alleges, however, that defendant's New Hampshire conduct (i.e., defendant's phone calls to plaintiff) is the basis for her wrongful termination claim and further that the impact of this wrongful termination was felt in New Hampshire. Plaintiff's Objection at 5. Such contacts allegedly satisfy the relatedness requirement of the jurisdictional analysis. Id. at 7-8.

Plaintiff did not return to work immediately after giving birth to her child. Rather, she intended to utilize all of the leave available to her, both short-term disability and FMLA leave, and, during telephone calls made by Sterilite to plaintiff at her New Hampshire residence, informed them of her unwillingness to work while on leave. Complaint ¶¶ 12-13, 16.

9

The FMLA entitles an eligible employee "to a total of 12 workweeks of leave during any 12-month period for . . . , [inter alia,] the birth of a son or daughter of the employee and in order to care for such son or daughter." 29 U.S.C. § 2612(a)(1)(A); see also, 29 C.F.R. § 825.112(a)(1) (1995) (FMLA leave granted "[f]or the birth of a son or daughter, and to care for the newborn child"). An employer of an individual who utilizes the provisions of the FMLA shall not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" such congressional mandate. 29 U.S.C. § 2615(a)(1). "'Interfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

Whereas "[n]othing in [the FMLA] shall be construed to prohibit an employer from requiring an employee on leave . . . to report periodically to the employer on the status and intention of the employee to return to work," 29 U.S.C. § 2614(a)(5), such statutory provision "is intended to allow employers only to require such reports at reasonable intervals," S. REP. No. 3, 103d Cong., 1st Sess. 30 (1993), *reprinted in* 1993 U.S.C.C.A.N. 3, 32. Thus, "[t]he employer's policy regarding such reports may not be discriminatory and must take into account all of the relevant

10

facts and circumstances related to the individual employee's leave situation."  29 C.F.R. § 825.309(a).

Taking, as required, plaintiff's allegations in her favor, see Kopf, supra, 882 F. Supp. at 1192, the court finds, for the purposes of the motion sub judice, a sufficient nexus between defendant's New Hampshire contacts and plaintiff's cause of action.  Assuming, without deciding, that the alleged repeated work-related inquiries made of plaintiff while on leave constitutes an "interference" with her FMLA benefits, the court further finds and rules that plaintiff has satisfied the "relatedness" prong of the jurisdictional analysis.

Insofar as "[t]he function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state," Sawtelle, supra, 70 F.3d at 1391 (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)), "the cornerstones upon which the concept of purposeful availment rest are voluntariness and foreseeability," id. (citing Ticketmaster, supra, 26 F.3d at 207).  The Supreme Court has declared that an out-of-state defendant should be "forewarned" that he could be subject to suit in a forum state "if the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from the

11

alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (citing Keeton, supra, 465 U.S. at 774; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

Plaintiff states in her affidavit that she, at the time of applying for a job with the defendant and during her entire employment with the defendant, was a resident of New Hampshire. Pelchat Affidavit ¶ 4. Plaintiff also states that other Sterilite employees reside in New Hampshire and that defendant is required to insure these employees with insurance different from defendant's Massachusetts employees. Id. ¶¶ 9-13. Plaintiff believes she answered an advertisement for employment in a New Hampshire newspaper and, as part of her job, plaintiff placed employment advertisements in a New Hampshire newspaper. Id. ¶ 6.

The court does not find soliciting for employees in a forum state for employment out of state to be "purposeful activity" in the forum state for which it would be fair or reasonable to solely base jurisdiction in the forum state. Moreover, the fact that an employer has a number of employees who live in a state different from the place of employment when no employment activities take place in the forum state does not constitute an employer's voluntary activity in the forum state, even if that

12

employer is required to provide those employees with insurance from the forum state.

However, communication by mail or telephone by an out-of-state employer to a forum state employee on FMLA leave regarding solely issues of employment does constitute an employer's "voluntary" contacts, especially if the employer was negligent in his communication. Although it would seem that defendant would not have directed communication at the forum state "but for" plaintiff's living in the forum state, such forum state contacts were indeed voluntary and not merely fortuitous. Moreover, it is plainly foreseeable that an aggrieved plaintiff, resident in New Hampshire, would seek a home forum in order to litigate the merits of her charge; a charge which finds its genesis, in part, in defendant's forum state contacts.

In spite of plaintiff's adequate demonstration as to both the "relatedness" and "purposeful availment" prongs of the jurisdictional construct, the court will finally examine if its jurisdiction over defendant comports with the notions of "fair play and substantial justice" that have come to define what is, jurisdictionally speaking, "reasonable".
The First Circuit has assessed "that the reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and

13

purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." Ticketmaster, supra, 26 F.3d at 210.

The Supreme Court has identified five considerations, termed the "gestalt factors", that courts must consider when considering the fairness of subjecting nonresidents to the authority of a foreign tribunal:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

Sawtelle, supra, 70 F.3d at 1394 (citing Burger King Corp., supra, 471 U.S. at 477).

Recognizing that "defending in a foreign jurisdiction almost always presents some measure of inconvenience," id. at 1395 (citing Pritzker, supra, 42 F.3d at 64), the First Circuit has determined that "this factor becomes meaningful only where a party can demonstrate 'a special or unusual burden.'" Id. Defendant has not claimed or demonstrated any such burden.

"A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." Burger King Corp., supra, 471 U.S. at 473 (citing McGee v. International Life Ins. Co., 355

14

U.S. 220, 223 (1957)) (other citation omitted).  Further, plaintiff's residence is not "completely irrelevant to the jurisdictional inquiry."  Keeton, supra, 465 U.S. at 780. "[P]laintiff's residence in the forum may, because of defendant's relationship with the plaintiff, enhance defendant's contacts with the forum."  Id.  Thus, this factor weighs, if only slightly, in plaintiff's favor.

The court "must accord plaintiff's choice of forum a degree of deference in respect to the issue of its own convenience." Ticketmaster, supra, 26 F.3d at 211 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)).  Thus, the court finds that plaintiff's interest in obtaining convenient relief in her home state weighs in favor of exercising jurisdiction.

The court next evaluates the judicial system's interest in obtaining the most effective resolution of the controversy. "[T]he judicial system's interest in obtaining the most efficacious resolution of the controversy . . . counsels against bifurcation of the dispute among several different jurisdictions."  Pritzker, supra, 42 F.3d at 64.  Plaintiff originally brought an action against the defendant regarding this matter with the Massachusetts Commission Against Discrimination. See Plaintiff's Charge of Discrimination (attached to Defendant's Motion to Dismiss as Exhibit 1).  Defendant contends that because

15

plaintiff chose to take advantage of this Massachusetts administrative scheme, the court should not encourage plaintiff "to ignore this system by now pursuing a claim in a state with no connection to the employment relationship." Defendant's Memorandum of Law at 11. Plaintiff has, however, withdrawn such charge and has elected to pursue her remedies in this federal court. Consequently, bifurcation of the dispute is not a palpable issue and, as such, this factor appears to be little more than a makeweight in favor of jurisdiction.

The final "gestalt" factor requires the court to "consider the common interests of all sovereigns in promoting substantive social policies." Sawtelle, supra, 70 F.3d at 1395. New Hampshire would likely have an interest in protecting its residents from the economic effects resulting from the wrongful termination of an out-of-state employment relationship. Of perhaps greater significance is the recognition that Massachusetts and New Hampshire both have a great interest in deterring employers, especially those whose employee pool benefits from cross-border mobility, from terminating employees for impermissible reasons; penalizing an employee for taking legally protected medical leave. Since neither state's interest can be said to weigh more favorably in one jurisdictional

direction or the other, this factor has little perceptible effect on the scales of jurisdiction.

Plaintiff, having demonstrated that (1) a relatedness between defendant's contacts with New Hampshire and her cause of action presently exists; (2) defendant has purposefully availed itself of the benefits and protections afforded by this state; and (3) consideration of the gestalt factors does not contradict the determination of the foregoing, has sustained her burden in opposing defendant's motion. Accordingly, such motion must be and it is herewith denied.[5]

## Conclusion

For the reasons set forth herein, defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, transfer (document 6) is denied. Plaintiff's motion to amend (document 11) is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 28, 1996
cc:  James W. Craig, Esq.
     Donald J. Williamson, Esq.

_____

[5]The court similarly finds no merit in defendant's alternative argument to transfer this matter to the District of Massachusetts and herewith denies same.

17