**Stinson, Taylor v. Labofa A/S          CV-94-383-B     07/31/96**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


Timothy Stinson
Steven Taylor and
Carolyn Taylor

    v.                                            CV-94-383-B

Labofa A/S


## O R D E R

Plaintiffs sued Labofa for injuries resulting from the malfunction of a chair Labofa designed and manufactured, alleging claims for negligence, failure to warn, loss of consortium, and strict liability.  Labofa moved to dismiss plaintiffs' claims for lack of personal jurisdiction.  Plaintiffs objected to the motion to dismiss and alternatively sought a transfer to the United States District Court for the District of Columbia if this court lacks personal jurisdiction.  For reasons discussed below, Labofa's motion to dismiss is granted, and plaintiffs' motion to transfer is denied.

# I. STANDARD OF REVIEW

When personal jurisdiction is contested, the plaintiff has the burden of showing that jurisdiction exists. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). Although challenges to personal jurisdiction can often be resolved without factfinding by using a prima facie standard of review, a full evidentiary hearing may be required to resolve disputed jurisdictional facts. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145-46 (1st Cir. 1995). I determined in a prior order that an evidentiary hearing was required in this case. See Order dated May 20, 1996. I now resolve any disputed factual issues using the preponderance of the evidence standard. Id. at 145.

# II. FACTS

## A. Undisputed Facts

Timothy Stinson and Steven Taylor were injured while working as air traffic controllers at the Federal Aviation Administration ("FAA") facility in Nashua, New Hampshire. Both plaintiffs allege that their injuries were caused by the failure of their specially designed flight controller chairs.

The flight controller chairs were supplied to the FAA by Rudd International Corporation ("RIC") as part of a contract requiring RIC to supply 9,000 flight controller chairs to FAA facilities throughout the United States. RIC arranged for Labofa, a Danish corporation, to design, manufacture, and partially assemble the chairs in Denmark. After Labofa completed its work on the chairs, RIC shipped the partially assembled chairs to the United States, finished assembling the chairs and delivered them to various FAA facilities across the country.

B. **Findings Concerning Disputed Facts**

Officials at Labofa were aware that the flight controller chairs Labofa was producing for RIC were to be delivered to the FAA. Further, Labofa employees received and reviewed a "Solicitation, Offer and Award" that RIC submitted to the United States General Services Administration which identifies New Hampshire as a possible destination for the chairs. However, plaintiffs have failed to prove by a preponderance of the evidence that anyone at Labofa was aware that RIC would be shipping any of the chairs to New Hampshire. Nor have plaintiffs proved that Labofa designed the chairs for use in New Hampshire, advertised the chairs in New Hampshire, or ever conducted any business in New Hampshire.

3

## III. <u>DISCUSSION</u>

### A. <u>Personal Jurisdiction Over Labofa</u>

A court may assert personal jurisdiction over a nonresident defendant where jurisdiction is based on diversity of citizenship only if (1) the forum states's long-arm statute confers jurisdiction over the defendant, and (2) the defendant has sufficient "minimum contacts" with the forum state to ensure that the court's jurisdiction comports with the requirements of constitutional due process. <u>Sawtelle</u>,70 F.3d at 1387; <u>Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys at Law</u>, 787 F.2d 7, 8 (1st Cir. 1986).

N.H. Rev. Stat. Ann. § 293-A:15.10 (Supp. 1995) confers jurisdiction over foreign corporations to the full extent allowed by the Due Process clause of the Fourteenth Amendment. <u>See</u> <u>McClary v. Erie Engine & Mfg. Co.</u>, 856 F. Supp. 52, 55 (D.N.H. 1994). In general, for the court to properly assert personal jurisdiction over an absent nonresident defendant, the defendant must have had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413-414

4

(1984) (quoting International Shoe Co. v. State of Wash., Office of Unemployment, Compensation, and Placement, 326 U.S. 310, 316 (1945)); accord, Burnham v. Superior Court of California, 495 U.S. 604, 618 (1990). To satisfy this requirement, the defendant's conduct should bear such a "substantial connection with the forum [s]tate" that the defendant "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-75 (1985) (internal quotations omitted).

Plaintiff argues that this court has specific, as opposed to general, jurisdiction over Labofa. See Foster-Miller, 46 F.3d at 144 (explaining the difference between specific and general jurisdiction). The First Circuit applies a tripartite test to determine whether a court has specific personal jurisdiction over a defendant:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's in-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Workers, 960 F.2d at 1089.

I need not address the first and third prongs of the test, because I hold that plaintiff has failed to show that Labofa purposefully availed itself of the privilege of conducting business in New Hampshire. Plaintiffs' argument for jurisdiction is essentially the "stream of commerce" theory which a plurality of the Supreme Court rejected in Asahi Metal Industry Co. v. Superior Court of California, 107 S.Ct. 1026, 1032 (1987) and the First Circuit rejected in Boit, see 967 F.2d 671, 683.

To understand the significance of Asahi, it is necessary to understand World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559 (1980), its predecessor. The Robinsons were injured in a car accident while driving through Oklahoma in a car they had purchased from a New York dealer, who had purchased it from World-Wide Volkswagen, a regional dealer with no other connection to Oklahoma. Id. at 562. The Robinsons brought a products liability suit against World-Wide Volkswagen and others in an Oklahoma state court. Id. They argued that personal jurisdiction was proper because World-Wide Volkswagen should have foreseen, given the mobile nature of cars, that cars it had sold would pass through Oklahoma. Id. at 566. The Court held that the Robinsons' unilateral act of driving their car through

Oklahoma could not support personal jurisdiction. See id. at 568. It reasoned that foreseeability is not the only requisite to personal jurisdiction; a defendant must also "purposefully avail[]" itself of the benefits of doing business in the forum state. Id., quoting Hanson v. Denckla, 78 S.Ct. 1228, 1240 (1958). Explaining this requirement, the Court stated:

> . . . if the sale of a product of a manufacturer or distributor such as Audi or Volkswagen is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury . . . The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.

Id. at 567.

In Asahi, Justice O'Connor rejected the "stream of commerce" theory articulated in World-Wide Volkswagen. See Asahi, 107 S.Ct. at 1030-32. Gary Zurcher sued Cheng Shin Rubber Industrial Co., Ltd., a Taiwanese corporation in California, claiming that Cheng Shin manufactured a defective tire tube which caused him to lose control of his motorcycle and collide with a tractor. 107 S.Ct. at 1029. Cheng Shin then sued Asahi, the Japanese

7

manufacturer of the tube's valve assembly, for indemnification. Id. All transactions between Asahi and Cheng Shin took place in Japan or Taiwan, sales to Cheng Shin comprised only a small percentage of Asahi's total sales, and Cheng Shin bought valves from other suppliers. Id. Cheng Shin distributed finished tubes worldwide. Id. Cheng Shin's president submitted an affidavit stating "'I am informed and believe that Asahi was fully aware that valve stem assemblies sold to my Company and to others would end up throughout the United States and in California.'" Id. Justice O'Connor delivered the Court's unanimous judgment that California lacked personal jurisdiction over Asahi. In addition, in Part II-A of her opinion, writing for a plurality of four (herself, Chief Justice Rehnquist, and Justices Powell and Scalia), she reasoned:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

Id. at 1032 (emphasis added).  Accord, Boit, 967 F.2d at 682-83.

An equal number of justices disagreed with Part II-A of O'Connor's opinion.  See id. at 1034. Joined by Justices White, Marshall, and Blackmun, Justice Brennan stated:

> The stream of commerce refers not to unpredictable currents or eddies, but to the regular and anticipated flow of products from manufacture to distribution to retail sale.  As long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise.

Justice Stevens, with whom Justices White and Blackmun joined, agreed with the judgment and with Part II-B of O'Connor's opinion, in which she held that personal jurisdiction would be unreasonable and unfair, but argued that O'Connor's minimum contacts analysis was unnecessary to the Court's decision. Asahi, 107 S.Ct. at 1037.  He also argued that O'Connor's formulation of the minimum contacts test was too restrictive and rigid.  Id.  "Whether or not . . . conduct rises to the level of purposeful availment," Stevens reasoned, "requires a constitutional determination that is affected by the volume, the value, and the hazardous character of the components."  Id.

Although Justice O'Connor was unable to garner a majority for her narrower view of personal jurisdiction, the First Circuit

9

adopted her position in Boit.[1]  See 967 F.2d at 682-83. It held that Maine lacked personal jurisdiction over Gar-Tec Products, Inc., where the only "contact" plaintiffs alleged Gar-Tec had with Maine was through selling an allegedly defective paint-stripping gun to a national distributor, which in turn sold the product to plaintiffs in Maine.  See 967 F.2d at 679.  Following O'Connor's reasoning in Asahi, the court held that Gar-Tec's "'mere awareness'" that its paint-stripping gun might end up in Maine was insufficient to support personal jurisdiction in Maine. See id. at 683.  As in Asahi, however, the court provided a list a factors which, added to the defendant's knowledge that its product would be used in the forum state, might tip the scales in favor of personal jurisdiction:

> There is no evidence that Gar-Tec intended to serve the market in Maine. For example, there is no evidence that Gar Tec designed the product for Maine, advertised in Maine, established channels for providing regular advice to customers in Maine, or marketed the product through a distributor who had agreed to serve as a sales agent in Maine.

Id., citing Asahi, 107 S. Ct. at 1032.

_____

[1] Due to the four-to-four split in Asahi over whether placing a product in the stream of commerce with the knowledge that it will flow to the forum state is a contact sufficient to support personal jurisdiction, other courts continue to follow World-Wide Volkswagen as the only authoritative precedent.  See, e.g., Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 420 (5th Cir. 1993).

Applying the preponderance of evidence standard of review, I credit Rudd's testimony that employees of Labofa would have received and read the FAA contract which lists New Hampshire as one of many possible destinations for the chairs. Nevertheless, I hold that this case is controlled by <u>Boit</u>. There is no evidence that Labofa designed the chairs for use in New Hampshire, advertised the chairs in New Hampshire, or availed itself of the advantages of doing business in New Hampshire in any way. At most, assuming that the sale of chairs to the FAA was essentially a joint venture between Rudd and Labofa, plaintiffs have shown only that Labofa sold the chairs to the FAA with the barest awareness that some of them might possibly end up in New Hampshire. This bare awareness does not approach the level of contact required by <u>Boit.</u> Therefore, plaintiffs have failed to satisfy the "purposeful availment" requirement, and this court lacks personal jurisdiction over Labofa.

**B.   <u>Transfer to the District Court for the District of Columbia</u>**

Plaintiffs alternatively move that I transfer this case to the District Court for the District of Columbia pursuant to 28 U.S.C.A. § 1631 (West 1994). In <u>Michael A. Guy v. Rudd Industries, Inc., et al.</u>, No. 95-0865 (D.D.C.), however, the District Court for the District of Columbia recently held that it

11

lacked personal jurisdiction over Labofa in a substantially similar case involving an air traffic controller injured by the allegedly defective chair in Ohio. I find the court's reasoning in that case persuasive, and plaintiffs have produced no evidence in this case to warrant a contrary conclusion. Accordingly, I deny plaintiffs' motion because a transfer to the District of Columbia would be futile.

## IV. <u>CONCLUSION</u>

For the foregoing reasons defendant's motion to dismiss (document no. 24) is granted, and plaintiffs' motion to transfer (document no. 50) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 31, 1996

cc: John P. Griffith, Esq.
    Thomas Quarles, Jr., Esq.
    Richard Chesley, Esq.

12