YYY Corp. v. Timothy Flynn, et al.    CV-96-390-B    03/18/97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>YYY Corporation</u>

    **v.**                                                      C-96-390-B

<u>Timothy J. Flynn, Jr., et al.</u>

<u>**O R D E R**</u>

Plaintiff YYY Corporation originally brought a four count diversity of citizenship complaint against defendants Timothy J. Flynn, Jr. and Ruth S. Flynn, and Great Works Properties, Inc. ("Great Works"), a corporation owned by Flynn family members. YYY Corporation was later permitted to file an amended complaint dropping Counts II, III and IV.  The sole remaining count alleges that the Flynns owe amounts due to the plaintiff on two commercial promissory notes and two lines of credit.  Before me are:  (1) the Flynns' motion to dismiss for lack of subject matter jurisdiction; (2) the Flynns' motion to dismiss for lack of venue; and (3) the Flynns' and Great Works' motions to set aside the magistrate judge's order of attachment.[1]

---

[1]  Because Great Works is no longer a party, its motion to dismiss (document no. 6) is moot.

# I. <u>Diversity Jurisdiction</u>

The Flynns argue that the entire case should be dismissed because diversity jurisdiction did not exist when Great Works was still in the case. I reject this argument. It is well settled that Federal Rule of Civil Procedure 21 "invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 832 (1989).[2] As the court plainly has diversity jurisdiction over the claims against the remaining defendants, I see no reason why these claims should be dismissed.

# II. <u>Venue</u>

When jurisdiction is founded on diversity, venue lies in (1) the judicial district where any defendant resides, if all defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of this action is situated, or (3) the district in which any defendant is subject to personal jurisdiction at the time the

---

[2] Fed. R. Civ. P. 21 states: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

2

action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C.A. § 1391(a) (West Supp. 1996).

The burden of establishing proper venue rests with the plaintiff. Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1206 (D.N.H.), aff'd, 968 F.2d 1463 (1st Cir. 1992). While the First Circuit has not specified the standard that a district court should use in resolving venue disputes, it has determined the standard in the related context of a challenge to personal jurisdiction. See Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675-77 (1st Cir. 1992). In cases where no hearing is held, the court makes only a prima facie determination of jurisdiction. Id. Accordingly, the court does not find facts, but rather accepts the truth of the plaintiff's factual averments to the extent that they are supported by evidence of specific facts set forth in the record. Id. Since at least one other circuit requires district courts to use a similar standard in venue disputes, see Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1354-55 (11th Cir. 1990), and the parties have not drawn my attention to any precedents suggesting a different approach, I will determine the venue question under the prima facie standard outlined in Boit.

The Flynns contend that YYY Corporation has failed to meet

3

its burden, having alleged in its complaint that venue exists because "the property for which these claims were incurred (sic) is situated in this district, and that the plaintiff (sic) is subject to personal jurisdiction in this district." The Flynns go on to refute these allegations. The Flynns have failed to point out, however, that the complaint asserts a third ground for venue. Paragraph 6 of the complaint reads, in its entirety:

6. Venue lies in this district by virtue of 28 U.S.C. Section 1391 because *the events or admissions giving rise to the claims occurred within this district* and that the property for which these claims were incurred [sic] is situated in this district, and the plaintiff [sic] is subject to personal jurisdiction in this district.

(emphasis added).

The Flynns' argument that the property securing the notes claimed in Count I is outside of this district is not grounds for dismissal for improper venue. YYY Corporation has shown that a substantial part of the events giving rise to their claim occurred in New Hampshire. Count I alleges the non-payment of four notes. Each of the notes appears on its face to have been executed in New Hampshire. All the notes were payable to the order of the former New Hampshire Savings Bank, a bank organized under the laws of New Hampshire with its principal place of business in New Hampshire. Two notes contain a choice of law provision stating that the "agreement . . . shall be deemed to be

4

a contract made under the laws of the State of New Hampshire and shall be construed in accordance therewith." Finally, one of the notes was secured with real estate located in New Hampshire and by bank accounts maintained in New Hampshire.[3] Together, these factors demonstrate that the events giving rise to YYY Corporation's action occurred in New Hampshire and venue in this district is proper. See Banque de la Mediterranee-France, S.A. v. Thergen, Inc., 780 F. Supp. 92, 94 (D.R.I. 1992); Maryland Nat'l Bank v. M/V Tanicorp I, 796 F. Supp. 188, 190-91 (D. Md. 1992).

## III. Writ of Attachment

Great Works and the Flynns both move to vacate the magistrate judge's attachment order of September 12, 1996. Because Great Works was a non-diverse party, the magistrate judge had no jurisdiction to attach property belonging to it, and the order must now be modified so as to release Great Works from its provisions. The attachment order, however, will not be vacated in its entirety, because the court has jurisdiction over the claims contained in the amended complaint and the amendment relates back to the time of the filing of the original complaint.

---

[3] Another note is secured by real estate located in Maine, but this note was executed in New Hampshire and contains a New Hampshire choice of law provision.

5

<u>Berkshire Fashions, Inc. v. M. V. Hakusan II</u>, 954 F.2d 874, 887 (3d Cir. 1992) (amended complaint dropping claims against non-diverse party to establish diversity jurisdiction relates back to the time the original complaint was filed).

## IV.  <u>Conclusion</u>

For the foregoing reasons, the Flynns' motion to dismiss for lack of subject matter jurisdiction (document no. 5) is denied; the Flynns' motion to dismiss for improper venue (document no. 5.1) is denied; and the Flynns' and Great Works' motions to set aside the magistrate judge's order of attachment (document nos. 8 & 9) are granted in part.  The order of attachment issued by the magistrate judge on September 12, 1996 and the writ of attachment of September 20, 1996 are modified so as to release Great Works from their terms.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 18, 1997

cc:  John F. O'Connell, Esq.
     John A. Rachel, Esq.
     Jamie N. Hage, Esq.

6